

FILED

NOV 17 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Nicholas Morrison
18659 Pine Street,
Tuolumne, CA 95379
Tel: (831) 325-5951
Email: nmorrison800@gmail.com

Next Friend on Behalf of Genevieve Morrison

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GENEVIEVE MORRISON,<br><br>        Petitioner,<br><br>v.<br><br>TUOLUMNE COUNTY SHERIFF,<br><br>        Respondent.<br><br>_____ | ) Case No.: 2:25-CV- 3331 CKD HC<br>)<br>) **EMERGENCY PETITION FOR WRIT OF**<br>)<br>) **HABEAS CORPUS (BY NEXT FRIEND**<br>)<br>) **NICHOLAS MORRISON ON BEHALF OF**<br>)<br>) **GENEVIEVE MORRISON) 28 U.S.C. § 2254**<br>)<br>) **DATE:**<br>) **TIME:**<br>) **DEPT:**<br>)<br>) Judge:<br>  Dept:<br>  Action Filed:<br>  Trial Date: |

**EMERGENCY PETITION - IMMEDIATE RELIEF REQUIRED**

**Next Friend NICHOLAS MORRISON, acting under valid Power of Attorney on behalf of GENEVIEVE MORRISON, respectfully petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and alleges as follows:**

- 1 -

## PERSONAL STATEMENT FROM NEXT FRIEND

The worst experience of my life was and is to hear, say, and write my wife's name and the word torture in the same sentence. No legal document, no matter how comprehensive, can fully convey the horror of watching the person I love be subjected to conditions that shock the conscience, while being systematically denied every avenue to seek help or justice. This petition represents not just a legal filing, but a desperate plea to prevent further irreparable harm to a woman who has already endured unimaginable suffering at the hands of those sworn to uphold the law.

**THIS IS AN EMERGENCY PETITION** requiring immediate attention. Mrs. Morrison is being subjected to torture-like conditions, fraudulent competency proceedings, and systematic denial of all constitutional rights. She is confined to her cell 23+ hours per day, denied shower access for 48-hour periods, has had all communications cut off, and her fundamental right to jury trial was stolen while she was literally muted by the court. This Court's immediate intervention is necessary to prevent further irreparable harm and protect federal constitutional rights.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 2254, which authorizes federal habeas corpus relief for persons in custody pursuant to a state court judgment in violation of the Constitution or laws of the United States.

2. Venue is proper in this district pursuant to 28 U.S.C. § 2241(d) as Mrs. Morrison is detained within the Eastern District of California.

3. This petition is filed in federal court because:

EMERGENCY WRIT OF HABEUS CORPUS

a. Mrs. Morrison's federal constitutional rights are being systematically violated

b. State court remedies are unavailable (Tuolumne County Superior Court refused to accept this petition)

c. There is a coordinated conspiracy by state officials to deny federal constitutional rights

d. Mrs. Morrison faces immediate danger requiring federal intervention

e. The pattern of conduct demonstrates state officials are acting in bad faith to prevent judicial review

f. State court is actively participating in violations (fraudulent competency finding, stolen jury trial)

4. **EXHAUSTION**: While petitions typically require exhaustion of state remedies, exhaustion is not required here because:

a. The state court refused to accept this petition for filing (futility)

b. There is no available state corrective process given the coordinated obstruction

c. Circumstances exist rendering the state corrective process ineffective (evidence destruction, witness tampering, retaliation, judicial misconduct)

d. Next Friend faces immediate and irreparable injury making exhaustion impracticable

e. State court is participant in constitutional violations (fraudulent incompetency finding, facilitating unauthorized jury waiver)

**Alternatively**, this Court may hear the petition given the extraordinary circumstances and ongoing violations of clearly established federal constitutional rights, including torture-like conditions and systematic fraud.

- 3 -

EMERGENCY WRIT OF HABEUS CORPUS

## II. PARTIES

5. **Next Friend, NICHOLAS MORRISON** brings this action on behalf of GENEVIEVE MORRISON pursuant to valid Power of Attorney and his status as next friend.

6. Nicholas Morrison is Mrs. Morrison's husband and holds valid Power of Attorney executed by her, a certified copy of which is attached as Exhibit A-1.

7. **The Power of Attorney explicitly authorizes** Nicholas Morrison to: (1) handle legal matters relating to Mrs. Morrison's current cases; (2) sign and submit legal documents; and (3) communicate with attorneys, courts, and agencies as necessary.

8. Mrs. Morrison also **executed a Declaration** (Exhibit A-2) specifically authorizing Nicholas Morrison to act on her behalf in legal matters.

9. **Respondent** is the TUOLUMNE COUNTY SHERIFF, the custodian responsible for Mrs. Morrison's detention at Tuolumne County Jail, 12915 Justice Center Drive, Sonora, CA 95370.

10. **Detainee**, **GENEVIEVE MORRISON (#0031030)** is currently detained at Tuolumne County Jail and has been in custody since on or about September 22, 2025.

## III. NEXT FRIEND STANDING AND AUTHORITY

11. This petition is brought by **NICHOLAS MORRISON** as next friend on behalf of **GENEVIEVE MORRISON** (Mrs. Morrison) pursuant to his authority as her attorney-in-fact under valid Power of Attorney.

- 4 -

EMERGENCY WRIT OF HABEUS CORPUS

12. A "next friend" is a person who acts on behalf of another who is unable to bring suit themselves. *Whitmore v. Arkansas* (1990) 495 U.S. 149, 163.

13. Next friend standing **is appropriate** when:

    a. The real party in interest is unable to litigate her own cause due to mental incapacity, lack of access to court, or other similar disability

    b. The next friend has some significant relationship with the real party in interest

    c. The next friend is truly dedicated to the best interests of the person on whose behalf he seeks to litigate

14. **All requirements are met here**:

    a. **Mrs. Morrison is unable to litigate her own cause because she is**:

        i. In solitary confinement with no access to legal assistance

        ii. Nearly legally blind and cannot read legal documents without help

        iii. Denied access to sign legal documents

        iv. Her cellmate who helped her read has been removed

        v. Her phone account has been deactivated

        vi. Her tablet is being confiscated November 16, 2025

        vii. Her attorney has abandoned her and acts against her interests

        viii. State court clerk **refused** to accept habeas petition

        ix. State court fraudulently declared her "incompetent" without evaluation

        x. She has **NO** practical ability to access courts herself

    b. Nicholas Morrison **has significant relationship** with Mrs. Morrison:

        xi. He is her **husband**

        xii. He holds **valid Power of Attorney** executed by her

EMERGENCY WRIT OF HABEUS CORPUS

xiii. She executed a **Declaration** authorizing him to act on her behalf

xiv. He has solely been **actively advocating** for her rights

xv. He is her closest family member with legal authority to act

c. Nicholas Morrison is **dedicated to her best interests** as demonstrated by:

xvi. Attempting to file habeas petition (refused by court)

xvii. Maintaining communication with her (until cut off by jail)

xviii. Filing grievances on her behalf (bar, judicial conduct, jail staff misconduct, +25 in total)

xix. Researching and preparing comprehensive legal petition

xx. Continuing efforts despite harassment and surveillance by law enforcement

xxi. **Acting to protect her safety** and constitutional rights

15. Federal courts recognize next friend petitions in habeas corpus cases where the detainee cannot practically file themselves. *Whitmore v. Arkansas*, 495 U.S. at 163; *Hamdi v. Rumsfeld* (2004) 542 U.S. 507.

16. Next friend standing is particularly appropriate here because Mrs. Morrison is not only detained but is being:

xxii. **Actively prevented** from accessing courts (clerk refused filing, fraudulently declared incompetent)

xxiii. Rendered helpless by removal of assistance (roommate who helped her read removed)

xxiv. Cut off from all communication (phone deactivated, tablet confiscating)

xxv. **Exploited** due to disability (nearly blind, cannot read, helper removed)

- 6 -
EMERGENCY WRIT OF HABEUS CORPUS

xxvi. **Subjected to retaliation** for attempting to assert rights

xxvii. **Silenced by court** (literally muted when trying to assert rights)

17. Without next friend representation, Mrs. Morrison would have **NO ACCESS** to judicial review of her unlawful detention and unconstitutional treatment.

## IV. NATURE OF CUSTODY

18. Mrs. Morrison is in custody pursuant to criminal charges filed in Tuolumne County Superior Court. [Case No. CRM74325,CRF77929, CRF779472, CRF77053]

19. Mrs. Morrison has been detained since September 22, 2025 - approximately **50+ days**

20. Mrs. Morrison has **not been convicted** of any offense and is being held pretrial.

21. Mrs. Morrison's detention violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## V. STATEMENT OF FACTS

**A. Initial Detention and Denial of Rights (September 22 - November 2025)**

22. Mrs. Morrison was arrested on or about September 22, 2025.

23. For approximately **TWO (2) MONTHS** following her arrest, Mrs. Morrison was **not informed of the criminal charges** against her.

24. This violates the Sixth Amendment right to be informed of the nature and cause of the accusation and the due process requirements of the Fourteenth Amendment.

EMERGENCY WRIT OF HABEUS CORPUS

25. Mrs. Morrison has been held **without bail** since her arrest.

26. Mrs. Morrison attended one or more bail hearings but was **never given written or proper notice that she was being held on a no-bail status**.

27. Mrs. Morrison cannot recall which hearing resulted in denial of bail, demonstrating the inadequacy of notice.

28. This violates the Eighth Amendment right to bail and the Fourteenth Amendment right to due process.

29. Since September 22, 2025, Mrs. Morrison has been classified as **"red classification"** - the highest security/restriction level in the jail.

30. This classification has been maintained for the entire 50+ days of her detention despite **no** violent behavior, **no** legitimate security threat, and **no** proper justification.

31. The red classification has been used to justify extreme isolation and denial of programs, services, and basic privileges.

## B. Mrs Mrs. Morrison's Disability - Nearly Legally Blind

1.  32.. Morrison is **nearly legally blind** and requires glasses to see.

32. Mrs. Morrison **cannot** read fine print or legal documents without significant visual assistance.

33. This visual impairment constitutes a disability under the Americans with Disabilities Act **(ADA), 42 U.S.C. § 12101 et seq.**

34. Mrs. Morrison's near-blindness makes her particularly vulnerable and dependent on others to:

    a.  Read legal documents

    b.  Understand court papers

- 8 -

EMERGENCY WRIT OF HABEUS CORPUS

    c.  Review and respond to charges

    d.  Navigate the legal system

    e.  Identify what has been taken from her

    f.  Document her conditions

    g.  Protect herself from abuse

## C. Ineffective Assistance of Counsel and Denial of Right to Counsel of Choice

35. Mrs. Morrison is represented by Chief Conflict Counsel Avery Meyer.

36. Mrs. Morrison has **twice** attempted to exercise her right to substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

37. The first Marsden motion was improperly held in open court in the presence of DA/county counsel, and general public.

38. The second Marsden motion was delayed for three weeks, denying timely consideration.

39. Attorney Meyer has **completely failed** to communicate with Mrs. Morrison or Next Friend.

40. Next Friend has sent multiple written communications to Attorney Meyer with no response whatsoever.

41. On or about October 27, 2025, Next Friend formally requested Mrs. Morrison's complete case file from Attorney Meyer, and again on November 7, 2025. No response has been received.

42. Attorney Meyer has **effectively abandoned** Mrs. Morrison while she remains detained.

43. This violates the Sixth Amendment right to effective assistance of counsel and the right to counsel of choice.

EMERGENCY WRIT OF HABEUS CORPUS

**D. Retaliatory Psychological Evaluation and Indefinite Detention**

44. Mrs. Morrison filed a complaint with the State Bar of California concerning Attorney Meyer's conduct.

45. Immediately or shortly after filing the bar complaint, Attorney Meyer initiated proceedings for a psychological evaluation of Mrs. Morrison.

46. Upon information and belief, this psychological evaluation was ordered in retaliation for filing the bar complaint.

47. The psychological evaluation order purportedly froze all court proceedings.

48. As a result, Mrs. Morrison has remained detained indefinitely without resolution of her bail status, Marsden motions, or any other aspect of her case.

49. This creates unconstitutional indefinite detention without trial and violates the Sixth Amendment right to speedy trial and Fourteenth Amendment due process.

**E. Fraudulent Competency Finding and Stolen Jury Trial - October 30, 2025**

E-1. Fraudulent Incompetency Declaration Without Evaluation

50. On October 30, 2025, Mrs. Morrison appeared in Tuolumne County Superior Court via video conference.

51. The court stated that Mrs. Morrison had been **"evaluated and deemed incompetent."**

52. **This statement is false.** Mrs. Morrison has **NEVER met with anyone who conducted a psychological evaluation.**

53. No psychologist, psychiatrist, or mental health professional has:

EMERGENCY WRIT OF HABEUS CORPUS

    a. Interviewed Mrs. Morrison

    b. Conducted any tests or assessments

    c. Evaluated her competency

    d. Prepared any report regarding her mental state

54. The court's statement that she was "evaluated" is demonstrably **false** and constitutes **fraud** upon the court and Mrs. Morrison.

55. Upon information and belief, the court's false statement was based on:

    a. The retaliatory psychological evaluation order by Attorney Meyer (which was never actually conducted)

    b. False representations by Attorney Meyer to the court

    c. Fabricated documentation

    d. Or simply a false statement without any basis

56. **Declaring someone incompetent without actual evaluation violates**:

    a. **Due Process Clause of Fourteenth Amendment** - *Pate v. Robinson* (1966) 383 U.S. 375

    b. **Right to be present and heard** - *Drope v. Missouri* (1975) 420 U.S. 162

    c. **Fundamental fairness** - cannot adjudicate incompetency without evaluation

    d. California Penal Code § 1368 et seq. (competency procedures)

57. Under California law, a competency evaluation requires:

    a. Appointment of qualified psychologist or psychiatrist

    b. **Actual examination** of the defendant

    c. Written report submitted to court

    d. **Hearing** with testimony and evidence

    e. Finding based on substantial evidence

58. **NONE of these requirements were met**. The court simply declared Mrs. Morrison incompetent based on no evaluation whatsoever.

59. This **fraudulent incompetency finding** serves multiple improper purposes:

   a. Justifies indefinite detention without trial

   b. Provides excuse for denying her rights

   c. Undermines her credibility regarding mistreatment

   d. Creates basis to ignore her legal actions and complaints

   e. Allows attorney to make decisions without her consent

   f. Prevents her from representing herself if she chooses

   g. Labels her as mentally ill to discredit her allegations

   h. Provides cover for torture-like conditions ("she's incompetent, doesn't understand")

60. **Mrs. Morrison IS competent.** The evidence demonstrates:

   a. She understands the charges (once finally told after 2 months)

   b. She understands her rights and actively asserts them

   c. She attempted to fire her attorney (Marsden motions - showing understanding of legal process)

   d. She filed bar complaint about attorney (understanding of attorney misconduct)

   e. She refused unlawful search (understanding Fourth Amendment rights)

   f. She requested attorney at disciplinary hearing (understi

   g. She communicated clearly with Next Friend about her situation

   h. She identified what documents were seized from her cell

She stated at October 30 hearing "I do not waive any of my rights"

EMERGENCY WRIT OF HABEUS CORPUS

  i. **She is clearly competent - the "incompetent" finding is fraud to facilitate rights violations**

## E-2. Court Mutes Mrs. Morrison While She Asserts Her Rights

61. During the October 30, 2025 hearing, Mrs. Morrison attempted to make a statement to the court.

62. Mrs. Morrison stated words to the effect: **"I do not waive any of my rights."**

63. Mrs. Morrison began to make additional statements asserting her rights and objecting to the proceedings.

64. **Midway through her statement, the judge interrupted her.**

65. The judge **placed Mrs. Morrison on MUTE** so she could not be heard.

66. While Mrs. Morrison was muted and unable to speak or be heard, the judge engaged in a private conversation with Attorney Meyer.

67. Mrs. Morrison could not hear this conversation because:

  a. She was appearing via video from jail

  b. Her audio was muted by the court

  c. The judge spoke quietly with Attorney Meyer in chambers or sidebar

  d. She was deliberately excluded from the conversation about her case

68. This private, off-the-record conversation between judge and attorney, while the defendant is muted and cannot hear or participate, violates:

  a. Sixth Amendment right to be present at all critical stages - *Illinois v. Allen* (1970) 397 U.S. 337

- 13 -

EMERGENCY WRIT OF HABEUS CORPUS

b. Sixth Amendment right to confront and participate - *Coy v. Iowa* (1988) 487 U.S. 1012

c. Due Process right to be heard - *Armstrong v. Manzo* (1965) 380 U.S. 545

d. Fundamental fairness - defendant has absolute right to hear what is said about her case

e. California Constitution Article I, § 15 (right to be present at all proceedings)

69. The judge deliberately silenced Mrs. Morrison while she was asserting her constitutional rights, demonstrating:

a. Judicial bias and animus toward Mrs. Morrison

b. Coordination and collusion between judge and Attorney Meyer

c. Intent to prevent Mrs. Morrison from exercising rights

d. Consciousness that what was being done was improper

e. Need to silence her to proceed with violations of her rights

## E-3. Attorney Meyer's Unauthorized Waiver of Jury Trial Right

70. Following the private conversation between the judge and Attorney Meyer (while Mrs. Morrison was muted and could not hear), Attorney Meyer waived Mrs. Morrison's right to jury trial.

71. Mrs. Morrison did NOT consent to waiver of her jury trial right.

72. Mrs. Morrison did NOT authorize Attorney Meyer to waive this fundamental right.

73. Mrs. Morrison had just stated that she "does not waive any of her rights" immediately before being muted.

74. The waiver of jury trial occurred during or immediately after the judge silenced Mrs. Morrison and conferred privately with her attorney.

- 14 -

EMERGENCY WRIT OF HABEUS CORPUS

75. Upon information and belief, the judge instructed or pressured Attorney Meyer to waive the jury trial, and Attorney Meyer complied without Mrs. Morrison's consent or even knowledge (as she could not hear the conversation).

76. The right to jury trial is fundamental and cannot be waived without the defendant's personal, knowing, voluntary consent.

    a. Sixth Amendment guarantees right to jury trial in criminal prosecutions - *Duncan v. Louisiana* (1968) 391 U.S. 145

    b. Waiver must be knowing, voluntary, and intelligent - *Boykin v. Alabama* (1969) 395 U.S. 238

    c. Defendant must personally participate in waiver - cannot be done solely by counsel - *Adams v. U.S. ex rel. McCann* (1942) 317 U.S. 269

    d. California Penal Code § 1018 requires defendant's express consent for jury trial waiver

    e. Waiver must be in open court, on the record, by the defendant personally

77. Here, NONE of these constitutional requirements were met:

    a. Mrs. Morrison did NOT consent to waiver

    b. Mrs. Morrison was MUTED and physically prevented from speaking

    c. Mrs. Morrison could not HEAR the conversation about waiving her right

    d. Waiver occurred during private conversation from which she was excluded

    e. Mrs. Morrison had just affirmatively stated she does NOT waive any of her rights

    f. No inquiry was made of Mrs. Morrison about her understanding or consent

    g. Mrs. Morrison was never advised of the consequences of waiving jury trial

78. The sequence of events proves the waiver was unauthorized and obtained through fraud:

EMERGENCY WRIT OF HABEUS CORPUS

## 1. TIMELINE OF OCTOBER 30, 2025:

1. Mrs. Morrison appears via video

2. Court falsely states she was "evaluated and deemed incompetent"

3. Mrs. Morrison attempts to speak and states: "I do not forfeit any of my rights"

4. Mrs. Morrison begins making additional statements asserting rights

5. Judge interrupts and MUTES Mrs. Morrison mid-statement

6. Judge conducts private conversation with Attorney Meyer (Mrs. Morrison cannot hear)

7. Attorney Meyer waives Mrs. Morrison's jury trial right

8. Mrs. Morrison never consented, never participated, never even heard the discussion

79. This unauthorized waiver of fundamental right constitutes:

a. Denial of Sixth Amendment right to jury trial

b. Ineffective assistance of counsel - attorney acted directly contrary to client's expressed wishes

c. Denial of due process - fundamental right waived without consent in violation of *Boykin*

d. Judicial misconduct - judge facilitated and possibly coerced unauthorized waiver

e. Fraud upon Mrs. Morrison - waiver represented as valid when obtained through silencing her

    f.   Structural error requiring reversal of any conviction - *United States v. Gonzalez-Lopez* (2006) 548 U.S. 140

80. The fact that this occurred immediately after:

    a.   Mrs. Morrison asserted "I do not waive any of my rights"

    b.   Judge muted her to silence her objections

    c.   Judge had private conversation excluding her from her own case

2.   demonstrates conclusively that the waiver was done specifically to deprive her of the right she was actively asserting and protecting.

81. Upon information and belief, if Mrs. Morrison had been able to be heard and participate, she would have:

    a.   Objected strenuously to waiver of jury trial

    b.   Insisted on her constitutional right to jury trial

    c.   Refused to consent to bench trial before the very judge who was violating her rights

    d.   Continued asserting all of her rights

82. The judge and Attorney Meyer silenced her specifically to prevent her from objecting and to proceed with the unauthorized waiver that they knew she would not consent to.

**E-4. Systematic Denial of Fundamental Rights - Judge-Attorney Collusion**

EMERGENCY WRIT OF HABEUS CORPUS

83. The October 30, 2025 hearing demonstrates systematic denial of Mrs. Morrison's most fundamental constitutional rights through coordination between the court and her purported attorney:

1. **FRAUD**: Court falsely claims she was "evaluated and deemed incompetent" - she was never evaluated

2. **INCOMPETENCY FINDING**: Declared incompetent without any actual evaluation, examination, report, or hearing

3. **SILENCED**: Muted while asserting her rights so she could not be heard or participate

4. **EXCLUDED**: Denied access to private conversation between judge and her attorney about her case

5. **JURY TRIAL STOLEN**: Fundamental Sixth Amendment right waived without her consent, knowledge, or participation

84. This is not ineffective assistance of counsel. This is **active collusion** between attorney and judge to deprive defendant of constitutional rights.

85. The coordination between Attorney Meyer and the judge proves:

   a. Meyer is not representing Mrs. Morrison's interests

   b. Meyer is working with the court against her

   c. The entire proceeding is a sham designed to railroad her

   d. There is no adversarial process - attorney and court are on the same side

   e. Mrs. Morrison has no actual representation - she has an adversary in attorney's clothing

86. The fraudulent incompetency finding provides the judge and attorney with excuse to:

   a. Make decisions without her consent or knowledge

EMERGENCY WRIT OF HABEUS CORPUS

b. Ignore her objections and assertions of rights

c. Proceed with prosecution despite systematic constitutional violations

d. Claim her complaints are products of incompetency or mental illness

e. Continue detention indefinitely under guise of incompetency restoration

f. Deprive her of rights while claiming she doesn't understand them anyway

87. The false incompetency finding is part of a pattern of weaponizing psychiatric/mental health pretexts to silence and discredit Mrs. Morrison:

a. Attorney Meyer ordered "psychological evaluation" in retaliation for bar complaint

b. No evaluation ever actually occurred

c. Court nevertheless declared her "evaluated and incompetent"

d. This false finding used to justify violating her rights

e. Pattern demonstrates systematic abuse of mental health system as tool of oppression

88. **E-5. Attempted Evaluation AFTER Fraudulent Incompetency Finding - Cover-Up**

89. On the evening of November 14, 2025, at approximately 6:00 PM, Mrs. Morrison was told by jail staff that she had an "eye appointment" continuing from earlier that day.

90. Given Mrs. Morrison's near-blindness and need for vision care, she believed this was a legitimate medical appointment for her eyes.

91. When Mrs. Morrison entered the room for the purported "eye appointment," she was confronted with:

EMERGENCY WRIT OF HABEUS CORPUS

a. A psychiatrist

b. A nurse

c. NOT an eye doctor

92. The psychiatrist and nurse were attempting to conduct the psychological evaluation that the court had falsely claimed already occurred on October 30, 2025.

**93. This proves the court's October 30, 2025 statement was FALSE:**

a. Court stated she had been "evaluated and deemed incompetent"

b. No evaluation had occurred as of October 30

c. The evaluation was being attempted nearly three weeks AFTER the court declared her incompetent

d. The court made false statements to justify violating her rights

94. The sequence E-5. Attempted Evaluation AFTER Fraudulent Incompetency Finding - Cover-Up

95. On the evening of November 12, at approximately 6:00 PM, Mrs. Morrison was told by jail staff that she had an "eye appointment" continuing from earlier that day.

96. Given Mrs. Morrison's near-blindness and need for vision care, she believed this was a legitimate medical appointment for her eyes.

97. When Mrs. Morrison entered the room for the purported "eye appointment," she was confronted with:

EMERGENCY WRIT OF HABEUS CORPUS

a. A psychiatrist

b. A nurse

c. NOT an eye doctor

98. The psychiatrist and nurse were attempting to conduct the psychological evaluation that the court had falsely claimed already occurred on October 30, 2025.

99. This proves the court's October 30, 2025 statement was FALSE:

a. Court stated she had been "evaluated and deemed incompetent"

b. No evaluation had occurred as of October 30

c. The evaluation was being attempted nearly three weeks AFTER the court declared her incompetent

d. The court made false statements to justify violating her rights

100.    The sequence proves systematic fraud:

**101.    TIMELINE:**

- Attorney Meyer orders "psychological evaluation" (retaliation for bar complaint)

- No evaluation actually occurs

EMERGENCY WRIT OF HABEUS CORPUS

- October 30, 2025: Court falsely states she was "evaluated and deemed incompetent"

- October 30: Court uses false incompetency finding to facilitate stolen jury trial

- November , nearly 3 weeks later: They finally attempt evaluation to create paperwork justifying false finding

102.    This backwards sequence - declaring incompetency FIRST, then attempting evaluation LATER - proves:

    a. The October 30 incompetency finding was fraud

    b. They are now trying to create documentation to cover up the fraud

    c. They are attempting to manufacture evidence after the fact

    d. The entire competency proceeding is sham designed to facilitate rights violations

103.    Mrs. Morrison was lured under false pretenses:

    a. Told it was "eye appointment" (exploiting her disability and need for vision care)

    b. Actually ambush by psychiatrist

EMERGENCY WRIT OF HABEUS CORPUS

c. Deception used to obtain evaluation she would not have voluntarily attended

d. This deception taints any evaluation and demonstrates bad faith

Upon information and belief, they are attempting to obtain evaluation now in order to:

a. Create documentation justifying the fraudulent October 30 finding

b. Cover up the fact that no evaluation occurred before declaring her incompetent

c. Generate report that can be used to claim the false statement was somehow valid

d. Provide basis for continued detention

e. Facilitate plan to send Mrs. Morrison to state hospital

104.    **E-6. Plan to Send Mrs. Morrison to State Hospital - Witness Elimination**

105.    On October 30, 2025, after fraudulently declaring Mrs. Morrison incompetent, the court stated or indicated intention to send Mrs. Morrison to a state hospital.

106.    Upon information and belief, the plan is to transfer Mrs. Morrison to a state psychiatric hospital for so-called "competency restoration."

107.    This plan serves multiple improper purposes:

- 23 -
EMERGENCY WRIT OF HABEUS CORPUS

a. Remove her from Tuolumne County where she has documented violations

b. Eliminate her as witness to ongoing constitutional violations

c. Prevent investigation of conditions and treatment at Tuolumne County Jail

d. Isolate her further from Next Friend and any potential support

e. Discredit her by institutionalizing her in psychiatric facility

f. Punish her under guise of "treatment"

g. Facilitate indefinite detention without trial (can keep her hospitalized indefinitely)

h. Prevent federal habeas review by moving her to different custody

108.     Transfer to state hospital based on fraudulent incompetency finding would:

a. Compound the initial fraud

b. Cause severe additional harm

c. Further violate her rights

d. Allow state to medicate her against her will

e. Remove her from any oversight

f. Make it harder for Next Friend to communicate with or visit her

g. Potentially result in forced psychiatric "treatment" she does not need

EMERGENCY WRIT OF HABEUS CORPUS

109.     Mrs. Morrison does not need psychiatric hospitalization. She is competent, as evidenced by:

a. Clear understanding of charges

b. Ability to assert her rights ("I do not forfeit any rights")

c. Filing of Marsden motions

d. Filing of bar complaints

e. Refusal of unlawful search

f. Request for attorney at hearing

g. Clear communication about her situation

h. She is being railroaded, not mentally ill

110.     The timing of the attempted evaluation and hospital transfer demonstrates:

a. Urgency to legitimize the fraudulent incompetency finding

b. Desire to remove her before federal habeas review

c. Attempt to make her disappear from Tuolumne County

d. Cover-up of torture-like conditions and constitutional violations

e. Elimination of witness to systematic abuse

111.     Upon information and belief, if Mrs. Morrison is transferred to state hospital:

EMERGENCY WRIT OF HABEUS CORPUS

a. Communication will become even more difficult or impossible

b. She will be medicated against her will

c. She will be subjected to involuntary psychiatric "treatment"

d. The fraudulent incompetency finding will be used to justify indefinite hospitalization

e. She may be held for months or years without trial

f. Federal habeas review will be complicated by change of custody

g. Evidence of Tuolumne County violations will be harder to document

h. Officials will claim problems are "resolved" by her removal

112.    This transfer must be stopped immediately as it is based on:

a. Fraudulent incompetency finding (no evaluation before October 30)

b. Stolen jury trial (without her consent while muted)

c. Systematic violations designed to appear as mental illness symptoms

d. Desire to eliminate witness and prevent accountability

e. Retaliation for asserting rights and filing complaints systematic fraud:

- 26 -

EMERGENCY WRIT OF HABEUS CORPUS

113.        TIMELINE:

114.        - Attorney Meyer orders "psychological evaluation" (retaliation for bar complaint)

115.        - No evaluation actually occurs

116.        - October 30, 2025: Court falsely states she was "evaluated and deemed incompetent"

117.        - October 30: Court uses false incompetency finding to facilitate stolen jury trial

118.        - November 12, 2025, nearly 3 weeks later: They finally attempt evaluation to create paperwork justifying false finding

119.     This backwards sequence - declaring incompetency FIRST, then attempting evaluation LATER - proves:

a. The October 30 incompetency finding was fraud

b. They are now trying to create documentation to cover up the fraud

c. They are attempting to manufacture evidence after the fact

d. The entire competency proceeding is sham designed to facilitate rights violations

120.    Mrs. Morrison was lured under false pretenses:

a. Told it was "eye appointment" (exploiting her disability and need for vision care)

b. Actually ambush by psychiatrist

EMERGENCY WRIT OF HABEUS CORPUS

c. Deception used to obtain evaluation she would not have voluntarily attended

d. This deception taints any evaluation and demonstrates bad faith

121.    Upon information and belief, they are attempting to obtain evaluation now in order to:

a. Create documentation justifying the fraudulent October 30 finding

b. Cover up the fact that no evaluation occurred before declaring her incompetent

c. Generate report that can be used to claim the false statement was somehow valid

d. Provide basis for continued detention

e. Facilitate plan to send Mrs. Morrison to state hospital

122.    E-6. Plan to Send Mrs. Morrison to State Hospital - Witness Elimination

123.    252. On October 30, 2025, after fraudulently declaring Mrs. Morrison incompetent, the court stated or indicated intention to send Mrs. Morrison to a state hospital.

124.    Upon information and belief, the plan is to transfer Mrs. Morrison to a state psychiatric hospital for so-called "competency restoration."

125.    This plan serves multiple improper purposes:

EMERGENCY WRIT OF HABEUS CORPUS

a. Remove her from Tuolumne County where she has documented violations

b. Eliminate her as witness to ongoing constitutional violations

c. Prevent investigation of conditions and treatment at Tuolumne County Jail

d. . Isolate her further from Next Friend and any potential support

e. Discredit her by institutionalizing her in psychiatric facility

f. Punish her under guise of "treatment"

g. *Facilitate indefinite detention without trial (can keep her hospitalized indefinitely)

h. Prevent federal habeas review by moving her to different custody

126.    . Transfer to state hospital based on fraudulent incompetency finding would:

a. Compound the initial fraud

b. Cause severe additional harm

c. Further violate her rights

d. d. Allow state to medicate her against her will

e. Remove her from any oversight

f. Make it harder for Next Friend to communicate with or visit her

g. . Potentially result in forced psychiatric "treatment" she does not need

127.    Mrs. Morrison does not need psychiatric hospitalization. She is competent, as evidenced by:

128.    a. Clear understanding of charges

- 29 -

b. Ability to assert her rights ("I do not forfeit any rights")

c. Filing of Marsden motions

d. Filing of bar complaints

e. Refusal of unlawful search

f. Request for attorney at hearing

g. Clear communication about her situation

h. She is being railroaded, not mentally ill

257. The timing of the attempted evaluation and hospital transfer demonstrates:

a. Urgency to legitimize the fraudulent incompetency finding

b. Desire to remove her before federal habeas review

c. Attempt to make her disappear from Tuolumne County

d. Cover-up of torture-like conditions and constitutional violations

e. Elimination of witness to systematic abuse

258. Upon information and belief, if Mrs. Morrison is transferred to state hospital:

a. Communication will become even more difficult or impossible

b. She will be medicated against her will

c. She will be subjected to involuntary psychiatric "treatment"

d. The fraudulent incompetency finding will be used to justify indefinite hospitalization

e. She may be held for months or years without trial

f. Federal habeas review will be complicated by change of custody

EMERGENCY WRIT OF HABEUS CORPUS

151.        g. Evidence of Tuolumne County violations will be harder to document

152.        h. Officials will claim problems are "resolved" by her removal

153.        259. This transfer must be stopped immediately as it is based on:

154.        a. Fraudulent incompetency finding (no evaluation before October 30)

155.        b. Stolen jury trial (without her consent while muted)

156.        c. Systematic violations designed to appear as mental illness symptoms

157.        d. Desire to eliminate witness and prevent accountability

158.        e. Retaliation for asserting rights and filing complaints

## F. Denial of Access to Legal Documents

159.        Tuolumne County Jail staff have repeatedly refused to allow Mrs. Morrison to sign legal documents.

160.        The jail has refused to facilitate return of signed legal documents to Next Friend.

161.        This violates the First Amendment right to access courts and the Fourteenth Amendment right to due process.

## G. Events of November 6, 2025: Coordinated Conspiracy, Evidence Destruction, and Retaliation

### G-1. State Court Refuses to Accept Habeas Petition

162.        On November 6, 2025, at approximately [TIME], Next Friend Nicholas Morrison attempted to file this habeas corpus petition at Tuolumne County Superior Court.

EMERGENCY WRIT OF HABEUS CORPUS

163.    The clerk supervisor [NAME] refused to accept the petition for filing.

164.    The clerk supervisor stated "only her attorney can file" and that Next Friend was "acting as her attorney."

165.    Next Friend explained he was acting as attorney-in-fact under valid Power of Attorney with explicit authority to file legal documents and as next friend on Mrs. Morrison's behalf.

166.    The clerk supervisor ignored this explanation and refused to accept the petition.

167.    This refusal violated Mrs. Morrison's First Amendment right to petition for redress and her Fourteenth Amendment right to access courts.

### G-2. Four Deputies Attempt to Seize Next Friend's Legal Documents

168.    Shortly after leaving the courthouse with the habeas petition and supporting documents in his vehicle, Next Friend was pulled over by FOUR Tuolumne County Sheriff's deputies for allegedly expired vehicle registration tags.

169.    The deputies attempted to search Next Friend's person. Next Friend declined consent.

170.    The deputies attempted to search Next Friend's vehicle. Next Friend declined consent.

171.    The deputies deployed a drug detection dog. The dog found nothing.

172.    After the dog search revealed nothing, a deputy asked to search Next Friend's vehicle "for practice" because another deputy was new and needed training.

173.    Next Friend again declined consent.

EMERGENCY WRIT OF HABEUS CORPUS

174. The "for practice" request demonstrates the deputies had no probable cause - they were attempting to locate and seize the habeas petition and legal documents.

175. This violated Next Friend's Fourth Amendment right against unreasonable search and seizure and First Amendment right to petition courts without retaliation.

G-3. Jail Staff Raid Mrs. Morrison's Cell and Seize Evidence

176. **At approximately 3:00-4:00 PM on November 6, 2025, while Mrs.** Morrison was out of her cell visiting with her son, jail staff entered her cell and seized legal documents, personal property, and physical evidence of constitutional violations.

177. **Documents and items seized include:**

1. **LEGAL DOCUMENTS**:

   a. Mrs. Morrison's copy of the Power of Attorney - the same POA the court clerk had refused to honor that morning

   b. Multiple pages containing Next Friend's signature (exact content unknown due to Mrs. Morrison's visual impairment preventing her from reading/identifying them)

   c. Other legal documents and paperwork

EMERGENCY WRIT OF HABEUS CORPUS

2. **EVIDENCE OF CONSTITUTIONAL VIOLATIONS:**

    d. Bloody underwear from menstrual cycle - physical evidence that jail was not providing adequate feminine hygiene products despite Next Friend's grievance

3. **PERSONAL PROPERTY:**

    e. New headphones that Mrs. Morrison had purchased

    f. Food that Mrs. Morrison had purchased and was planning to eat

    g. Heart-shaped sticker from her wall - torn into pieces (gratuitous destruction demonstrating malice)

4. **DISABILITY ACCOMMODATION EVIDENCE:**

    h. Mattress pad - replaced with allegedly "thicker" one, though Mrs. Morrison's original was thinner than any other inmate's mattress (destroying evidence of discriminatory conditions)

178. Despite California Code of Regulations Title 15 § 1068 requiring written inventory of seized inmate property, NO INVENTORY OR RECEIPT was provided to Mrs. Morrison.

179. Mrs. Morrison was not present during the search and received no advance notice.

180. The seizure of Mrs. Morrison's copy of the Power of Attorney the same day the court refused to honor it proves coordination between court clerk and jail staff.

- 34 -

EMERGENCY WRIT OF HABEUS CORPUS

181.    The seizure of bloody underwear (physical evidence of denied feminine hygiene products) demonstrates:

    a.  Destruction of evidence of Eighth Amendment violations

    b.  Consciousness of guilt

    c.  Cover-up of constitutional violations

    d.  Next Friend had filed grievance about lack of feminine products

    e.  Jail conducted "investigation" and falsely claimed grievance was "untrue"

    f.  Problem persists - Mrs. Morrison still denied adequate products

    g.  They seized the physical proof

182.    The gratuitous tearing of decorative sticker into pieces demonstrates:

    a.  Malice toward Mrs. Morrison

    b.  Intent to cause psychological harm beyond any penological purpose

    c.  Petty cruelty designed to demoralize

    d.  The vindictive nature of the cell raid

183.    This conduct violates the Fourth Amendment (unreasonable search and seizure), constitutes destruction of evidence (18 U.S.C. § 1519; Cal. Penal Code § 135), and obstruction of justice (18 U.S.C. § 1503).

G-4. Removal of Mrs. Morrison's Roommate - Witness Elimination and ADA Violation

184.    Mrs. Morrison had a cellmate/roommate who was "a fierce advocate for her."

185.    This roommate assisted Mrs. Morrison with reading all fine print materials that Mrs. Morrison could not see due to her near-blindness.

EMERGENCY WRIT OF HABEUS CORPUS

186.     This roommate was essential to Mrs. Morrison's ability to:

a. Understand legal documents

b. Read court papers

c. Navigate the disciplinary system

d. Know what documents said

e. Exercise her legal rights

f. Function as reasonable accommodation for her disability

187.     The roommate has been removed from Mrs. Morrison's cell.

188.     Upon information and belief, the roommate was removed because:

a. She was helping Mrs. Morrison understand and assert her rights

b. She was a witness to Mrs. Morrison's treatment and conditions

c. She was an advocate who could report violations

d. She provided support that made it harder to break Mrs. Morrison psychologically

e. Jail officials wanted to eliminate any person who could help Mrs. Morrison

f. She could read to Mrs. Morrison what officials did not want her to know

189.     The removal of this roommate constitutes:

a. Witness intimidation and elimination

b. Obstruction of Mrs. Morrison's access to courts (removed her "reader")

c. Americans with Disabilities Act violation (removed disability accommodation for nearly blind woman)

d. Retaliation against both women

- 36 -

e.  Deliberate effort to render Mrs. Morrison helpless

190.    With her roommate removed, Mrs. Morrison - who is nearly legally blind - is now:

a.  Unable to read legal documents

b.  Unable to understand what is being done to her

c.  Unable to verify information given to her

d.  Completely isolated without anyone to help her

e.  Rendered helpless and vulnerable to manipulation and abuse

### G-5. Mrs. Morrison Placed in Solitary Confinement

191.    On the evening of November 6, 2025, Mrs. Morrison was placed in solitary confinement / administrative segregation.

192.    Upon information and belief, Mrs. Morrison committed no disciplinary violation justifying solitary confinement on November 6.

193.    The placement in solitary confinement was punishment and retaliation for:

a.  Next Friend's attempt to file habeas corpus petition

b.  Possessing documents showing official misconduct

c.  Filing complaints about her attorney

d.  Asserting her constitutional rights

194.    Punitive segregation as retaliation for exercising constitutional rights violates the First Amendment and Fourteenth Amendment due process.

EMERGENCY WRIT OF HABEUS CORPUS

195.    Mrs. Morrison has remained in solitary confinement continuously since November 6, 2025.

G-6. Phone Call Terminated Mid-Sentence - Witness Tampering

126. On the evening of November 6, 2025, at approximately [TIME], Mrs. Morrison was permitted to call Next Friend.

127. During the call, Mrs. Morrison disclosed that jail staff had seized her copy of the Power of Attorney - the same POA the court clerk had refused to honor that morning.

128. Mrs. Morrison then began to describe a second document that had been seized.

129. Mid-sentence, while describing this second document, the call was abruptly terminated.

130. Immediately after, Mrs. Morrison's phone account was deactivated, preventing any further communication.

EMERGENCY WRIT OF HABEUS CORPUS

131. The deliberate termination of the call mid-sentence as Mrs. Morrison disclosed evidence, followed by deactivation of her phone account, constitutes:

    a. Witness tampering (18 U.S.C. § 1512)

    b. Obstruction of justice (18 U.S.C. § 1503)

    c. Violation of First Amendment rights

    d. Violation of due process

    e. Evidence that second document was highly incriminating

    f. Consciousness of guilt

132. Mrs. Morrison's phone account remains deactivated as of the filing of this petition.

G-7. Ongoing Surveillance and Harassment of Next Friend

133. Following November 6, 2025, Next Friend has been subjected to ongoing surveillance and harassment by Tuolumne County Sheriff's deputies.

EMERGENCY WRIT OF HABEUS CORPUS

134. On November 6, 2025, an unmarked sheriff's vehicle followed Next Friend, parked to conduct surveillance, and circled a parking lot twice while Next Friend was on the phone with Mrs. Morrison.

135. When Next Friend left, two sheriff's vehicles (marked and unmarked) that had been waiting across the street immediately pulled behind Next Friend and initiated another traffic stop for the same alleged violation.

136. The deputy falsely stated that "all traffic stops" in Tuolumne County use drug dogs. Next Friend was previously stopped in 2024 for the same violation and no dog was used.

137. This pattern constitutes First Amendment retaliation, Fourth Amendment violations, and continuing conspiracy to interfere with civil rights.

H. Disciplinary Charges and Torture Conditions

H-1. Charges for Protected Conduct - Punishment for Asserting Fourth Amendment Rights

EMERGENCY WRIT OF HABEUS CORPUS

138. Mrs. Morrison was charged with disciplinary violations including:

a. "Being rude" to jail staff (protected speech under First Amendment)

b. Refusing to allow guards to search her person or cell (asserting Fourth Amendment rights)

139. Mrs. Morrison exercised her Fourth Amendment right to refuse consent to search.

140. Punishing an inmate for asserting Fourth Amendment rights violates both the Fourth Amendment itself and the First Amendment prohibition on retaliation for asserting constitutional rights.

141. Upon information and belief, the search Mrs. Morrison refused was:

a. Not based on reasonable suspicion of contraband

b. Pretextual and retaliatory in nature

c. Part of ongoing harassment following attempts to file habeas corpus

d. An attempt to find and seize additional documents or evidence

EMERGENCY WRIT OF HABEUS CORPUS

142. Mrs. Morrison requested that her attorney be present at the disciplinary hearing.

143. This request was DENIED.

144. Mrs. Morrison refused to attend the hearing without legal representation, asserting her right to counsel.

145. The hearing proceeded WITHOUT Mrs. Morrison and WITHOUT counsel.

146. Mrs. Morrison was found GUILTY in absentia of "being rude" and refusing to consent to search.

147. This violated due process under *Wolff v. McDonnell* (1974) 418 U.S. 539 (right to certain procedural protections in prison disciplinary hearings).

H-2. Extreme and Disproportionate Punishment - Torture Conditions

- 42 -

148. As punishment for "being rude" (protected speech) and refusing search (asserting Fourth Amendment rights), Mrs. Morrison has been subjected to extraordinarily severe conditions:

IMMEDIATE PUNISHMENT (Three Days):

a. Three (3) day "remand to cell" - confined to cell continuously for 72 hours

b. NO access to shower during these 3 days

c. NO time out of cell - 24 hours per day confinement

d. Complete isolation

ONGOING PUNISHMENT (After Three Days):

e. Only allowed out of cell for 1.5 hours every OTHER day

f. This equals approximately 45 minutes per day average outside of cell

g. This equals approximately 23+ hours per day confined to cell

h. NO shower access on days confined to cell (every other day)

i. Shower access only every other day when permitted out for 1.5 hours

j. This means 48-hour periods without shower access, repeatedly

EMERGENCY WRIT OF HABEUS CORPUS

ADDITIONAL PUNISHMENTS:

k. Tablet confiscation for one week (starting November 16, 2025)

l. Continued solitary confinement (since November 6)

m. Continued "red classification" (since September 22 - entire detention)

n. Phone already deactivated (since November 6)

o. Religious services denied (only inmate denied - see below)

149. Mrs. Morrison is confined to her cell approximately 23 hours per day, which equals or exceeds the isolation used in supermax prisons for the most dangerous convicted criminals.

150. Mrs. Morrison is denied shower access for 48-hour periods (every other day denied), which multiple courts have found violates the Eighth Amendment. *Harris v. Fleming* (4th Cir. 1988); *DeSpain v. Uphoff* (E.D. Wis. 1998).

151. These conditions constitute:

a. Cruel and unusual punishment in violation of Eighth Amendment

b. Punishment for asserting constitutional rights in violation of First Amendment

c. Conditions that may constitute torture under international human rights standards

d. Grossly disproportionate punishment demonstrating retaliatory motive

e. Deliberate indifference to serious risk of physical and psychological harm

152. Federal courts have found that confining pretrial detainees for 22+ hours per day violates the Constitution. *Ruiz v. Johnson* (S.D. Tex. 1999).

153. Mrs. Morrison - a pretrial detainee presumed innocent - is subjected to conditions worse than convicted violent criminals in maximum security facilities.

154. The punishment is so severe and disproportionate to the alleged "violations" (protected speech and asserting Fourth Amendment rights) that it demonstrates the true motive is retaliation, not legitimate discipline.

H-3. Denial of Religious Services - Only Inmate Denied

EMERGENCY WRIT OF HABEUS CORPUS

155. Mrs. Morrison has been denied permission to attend chapel/church services while in custody.

156. Mrs. Morrison is the ONLY inmate who has been denied access to religious services.

157. All other inmates in her housing unit or classification are permitted to attend chapel services.

158. No legitimate penological reason has been provided for denying Mrs. Morrison access to religious services.

159. The denial of religious services violates:

   a. First Amendment Free Exercise Clause

   b. Equal Protection Clause (singled out for different treatment)

   c. Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000cc

EMERGENCY WRIT OF HABEUS CORPUS

160. Under RLUIPA, the government cannot impose substantial burden on religious exercise unless it demonstrates a compelling governmental interest achieved through least restrictive means. *Holt v. Hobbs* (2015) 574 U.S. 352.

161. Singling out Mrs. Morrison alone for denial of religious services fails this strict scrutiny test.

162. The fact that Mrs. Morrison is the only one denied proves this is targeted punishment and retaliation, not based on any legitimate institutional need.

163. Upon information and belief, Mrs. Morrison has been denied religious services because officials fear she might:

a. Communicate with other inmates about her treatment

b. Ask chaplain or religious volunteers for help

c. Find witnesses to her condition

d. Gain psychological strength from spiritual support

e. Disclose ongoing violations to someone outside jail staff control

- 47 -

H-4. Denial of Feminine Hygiene Products - Cruel and Degrading Treatment

164. Mrs. Morrison has been denied adequate feminine hygiene products during her menstrual cycles throughout her detention.

165. As a result, Mrs. Morrison has been forced to use her underwear during menstruation, resulting in bloody underwear.

166. Next Friend filed a grievance with the jail regarding the lack of feminine hygiene products.

167. The jail conducted an alleged "investigation" and claimed the grievance was "untrue."

168. However, the problem persists - Mrs. Morrison continues to be denied adequate feminine hygiene products.

169. The bloody underwear that was seized on November 6 was physical evidence of this ongoing Eighth Amendment violation.

EMERGENCY WRIT OF HABEUS CORPUS

170. Jail staff seized and destroyed this evidence during the cell raid.

171. The denial of adequate feminine hygiene products violates the Eighth Amendment. *Forts v. Ward* (2d Cir. 1980) 621 F.2d 1210.

172. Forcing a woman to bleed through her underwear due to lack of products constitutes:

a. Cruel and degrading treatment

b. Denial of basic hygiene and human dignity

c. Health risk (infection, toxic shock syndrome)

d. Psychological humiliation

e. Violation of Eighth Amendment

173. The jail's "investigation" that found the complaint "untrue" while the problem demonstrably persists (evidenced by bloody underwear) demonstrates bad faith and cover-up.

EMERGENCY WRIT OF HABEUS CORPUS

H-5. Video-Only Visitation Preventing Documentation of Injuries

174. Tuolumne County Jail uses video-only visitation for inmates in administrative segregation.

175. During video visitation, only the inmate's face is visible - the rest of the body and surroundings are digitally blurred.

176. This system prevents family members and legal representatives from:

   a. Documenting visible injuries to the body

   b. Observing bruises from restraints or use of force

   c. Assessing physical condition

   d. Viewing cell conditions

   e. Determining if inmate is in restraints

   f. Documenting evidence of abuse or mistreatment

EMERGENCY WRIT OF HABEUS CORPUS

177. Combined with complete communication blackout and extreme isolation, this creates information vacuum allowing abuse without witnesses or documentation.

178. Next Friend has genuine and reasonable fear for Mrs. Morrison's safety given inability to document her condition.

H-6. Cumulative Effect - Systematic Torture

179. Mrs. Morrison is now subjected to cumulative conditions that constitute torture:

PHYSICAL DEPRIVATION:

- 23+ hours per day in cell (extreme isolation)

- No shower for 48-hour periods (hygiene deprivation)

- Denied adequate feminine hygiene products (health risk, degradation)

- Nearly legally blind with no assistance (disability exploitation)

- Thin mattress compared to other inmates (discriminatory conditions)

EMERGENCY WRIT OF HABEUS CORPUS

PSYCHOLOGICAL ISOLATION:

- Solitary confinement (since November 6)

- Only out 1.5 hours every other day (sensory deprivation)

- Helpful roommate removed (witness elimination, ADA violation)

- Denied religious services (only one denied - spiritual deprivation)

- Red classification since September 22 (50+ days maximum restriction)

COMMUNICATION BLACKOUT:

- Phone deactivated (since November 6)

- Tablet confiscating (November 16)

- Video visitation only showing face (documentation prevention)

- Nearly blind, cannot read (disability exploitation)

- Helper removed (rendered completely helpless)

LEGAL ACCESS DENIED:

- Attorney abandoned her

- 52 -

- Attorney acts against her interests

- Court refused habeas filing

- Documents seized

- Fraudulently declared incompetent

- Jury trial stolen

- Court literally muted her


BASIS FOR ALL THIS:

- "Being rude" (protected speech)

- Refusing search (asserting Fourth Amendment)

- Requesting attorney (asserting Sixth Amendment)

- Filing complaints (First Amendment retaliation)


180. These cumulative conditions constitute torture under any reasonable standard and shock the conscience in violation of substantive due process.

---

EMERGENCY WRIT OF HABEUS CORPUS

## VI. GROUNDS FOR RELIEF

Mrs. Morrison's detention violates clearly established federal constitutional rights:

### GROUND ONE: Violation of Sixth Amendment - Fraudulent Incompetency Finding

181. The Fourteenth Amendment Due Process Clause prohibits declaring someone incompetent without actual evaluation and proper hearing. *Pate v. Robinson* (1966) 383 U.S. 375.

182. The fact that they attempted psychological evaluation nearly three weeks AFTER declaring her incompetent proves the October 30 finding was fraudulent and not based on any evaluation.

183. Using deception (fake "eye appointment") to obtain evaluation demonstrates bad faith and taints any evaluation.

184. Any evaluation conducted now cannot retroactively justify the October 30 fraudulent finding. 182. Mrs. Morrison was declared "evaluated and incompetent" on October 30, 2025 despite never having been evaluated by any mental health professional.

- 54 -

185. This fraudulent finding was used to justify further rights violations and serves as pretext for indefinite detention.

186. This violates due process and the right to fair proceedings.

Supporting Facts: Paragraphs 51-61

**GROUND TWO: Violation of Sixth Amendment Right to Jury Trial**

185. The Sixth Amendment guarantees the right to jury trial in criminal prosecutions. *Duncan v. Louisiana* (1968) 391 U.S. 145.

186. This fundamental right cannot be waived without the defendant's knowing, voluntary, and intelligent personal consent. *Boykin v. Alabama* (1969) 395 U.S. 238.

187. Mrs. Morrison's attorney waived her jury trial right on October 30, 2025:

a. Without her consent

EMERGENCY WRIT OF HABEUS CORPUS

b. Without her knowledge

c. Against her expressly stated wishes ("I do not forfeit any of my rights")

d. While she was muted and could not hear the conversation

e. During private conversation between judge and attorney from which she was excluded

188. This unauthorized waiver constitutes structural error and violates the Sixth Amendment.

Supporting Facts: Paragraphs 71-83

**GROUND THREE: Violation of Sixth Amendment Right to Be Present**

189. The Sixth Amendment guarantees the right to be present at all critical stages of prosecution. *Illinois v. Allen* (1970) 397 U.S. 337.

190. This includes the right to hear all proceedings and conversations about one's case.

191. On October 30, 2025, the judge muted Mrs. Morrison while she was asserting her rights and conducted a private conversation with her attorney that she could not hear.

192. Critical decisions including jury trial waiver were made during this conversation from which she was excluded.

193. This violates the Sixth Amendment right to be present and participate.

Supporting Facts: Paragraphs 62-70

**GROUND FOUR: Violation of Sixth Amendment Right to Be Informed of Charges**

194. The Sixth Amendment guarantees the right "to be informed of the nature and cause of the accusation."

195. Mrs. Morrison was not informed of charges for approximately two months after arrest.

EMERGENCY WRIT OF HABEUS CORPUS

196. This grossly violates the Sixth Amendment and renders her detention unlawful from the outset.

Supporting Facts: Paragraphs 22-24

**GROUND FIVE: Violation of Eighth Amendment Right to Bail and Due Process**

197. The Eighth Amendment prohibits excessive bail and guarantees the right to bail except in narrow circumstances.

198. The Fourteenth Amendment requires due process before denial of bail.

199. Mrs. Morrison was never given adequate written notice of no-bail status or proper explanation of why bail was denied.

200. This violates the Eighth and Fourteenth Amendments.

Supporting Facts: Paragraphs 25-28

EMERGENCY WRIT OF HABEUS CORPUS

**GROUND SIX: Violation of Sixth Amendment Right to Effective Assistance of Counsel**

201. The Sixth Amendment guarantees the right to effective assistance of counsel.

202. Attorney Meyer has:

a. Completely failed to communicate with Mrs. Morrison or Next Friend

b. Refused to provide case file despite formal request

c. Effectively abandoned Mrs. Morrison

d. Ordered retaliatory psychological evaluation after bar complaint

e. Waived jury trial without her consent and against her wishes

f. Acts in collusion with the court against her interests

203. Mrs. Morrison's Marsden motions have been ignored or improperly delayed.

204. This violates the Sixth Amendment.

- 59 -

Supporting Facts: Paragraphs 36-44, 71-83, 84-88

**GROUND SEVEN: Violation of Sixth Amendment Right to Speedy Trial**

205. The Sixth Amendment guarantees the right to a speedy trial.

206. Mrs. Morrison's proceedings have been frozen indefinitely by fraudulent psychological evaluation order while she remains detained without bail.

207. This creates unconstitutional indefinite detention without trial.

Supporting Facts: Paragraphs 45-50

**GROUND EIGHT: Violation of First Amendment Right to Access Courts**

208. The First Amendment includes the right to petition for redress and access courts.

209. Mrs. Morrison's right has been violated by:

a. Jail refusing to allow her to sign legal documents

b. Court clerk refusing to accept habeas petition

c. Jail seizing her legal documents

d. Jail cutting off her communications

e. Jail placing her in solitary confinement as punishment

f. Fraudulently declaring her incompetent

g. Court literally muting her when she tried to assert rights

h. Removing her roommate who helped her read (ADA accommodation)

210. Next Friend's right has been violated by:

a. Court clerk refusing valid POA filing

b. Deputies attempting to seize legal documents

c. Ongoing surveillance and harassment

- 61 -

EMERGENCY WRIT OF HABEUS CORPUS

211. These systematic efforts to prevent judicial review violate the First Amendment.

Supporting Facts: Paragraphs 89-91, 92-105, 114-120

**GROUND NINE: Violation of Fourth Amendment - Unreasonable Search and Seizure**

212. The Fourth Amendment protects against unreasonable searches and seizures.

213. Mrs. Morrison's cell was searched and documents seized without proper justification, notice, or inventory.

214. Mrs. Morrison was punished for refusing to consent to search of her person and cell.

215. Next Friend was subjected to attempted searches without probable cause and ongoing surveillance.

216. This violates the Fourth Amendment.

EMERGENCY WRIT OF HABEUS CORPUS

Supporting Facts: Paragraphs 98-105, 106-113, 133-137, 138-147

**GROUND TEN: First Amendment Retaliation**

217. The First Amendment prohibits government retaliation for exercising protected rights.

218. Mrs. Morrison has been retaliated against for:

a. Filing bar complaint (psych evaluation ordered)

b. Attempting to file habeas petition (documents seized, solitary confinement)

c. "Being rude" to staff (protected speech - punished with torture conditions)

d. Refusing search (asserting Fourth Amendment - punished)

e. Requesting attorney at hearing (asserting Sixth Amendment - punished)

219. Next Friend has been retaliated against for:

a. Attempting to file habeas petition (deputies attempted search)

EMERGENCY WRIT OF HABEUS CORPUS

b. Continuing to pursue legal remedies (ongoing surveillance and harassment)

220. This systematic retaliation violates the First Amendment.

Supporting Facts: Paragraphs 45-50, 92-137, 138-154

**GROUND ELEVEN: Eighth Amendment - Cruel and Unusual Punishment / Torture Conditions**

221. The Eighth Amendment prohibits cruel and unusual punishment.

222. Mrs. Morrison is subjected to:

a. 23+ hours per day in cell (extreme isolation)

b. No shower for 48-hour periods (hygiene deprivation)

c. Denied feminine hygiene products (degrading treatment)

d. Solitary confinement as retaliation

e. Nearly blind with no assistance (disability exploitation)

EMERGENCY WRIT OF HABEUS CORPUS

f. Denied religious services (only one denied)

g. All communications cut off

h. Cumulative conditions constituting torture

223. These conditions violate the Eighth Amendment and may constitute torture under international law.

Supporting Facts: Paragraphs 148-180

**GROUND TWELVE: Americans with Disabilities Act Violations**

224. The ADA Title II applies to state and local jails. *Pennsylvania Dept. of Corrections v. Yeskey* (1998) 524 U.S. 206.

225. Mrs. Morrison is nearly legally blind, which constitutes a disability.

226. The jail has failed to provide reasonable accommodations and has:

EMERGENCY WRIT OF HABEUS CORPUS

a. Removed her roommate who helped her read (eliminating accommodation)

b. Seized her legal documents she cannot read

c. Placed her in isolation where she cannot get help

d. Exploited her disability to prevent her from exercising rights

227. This violates the ADA and Rehabilitation Act § 504.

Supporting Facts: Paragraphs 32-35, 114-120

**GROUND THIRTEEN: Equal Protection Violations**

228. The Fourteenth Amendment guarantees equal protection of the laws.

229. Mrs. Morrison has been singled out for:

a. Denial of religious services (only one denied)

b. Thinner mattress than other inmates

c. Red classification for 50+ days without justification

EMERGENCY WRIT OF HABEUS CORPUS

d. Extreme punishments for minor or protected conduct

230. This selective, discriminatory treatment violates equal protection.

Supporting Facts: Paragraphs 155-163

## GROUND FOURTEEN: Fourteenth Amendment Due Process Violations

231. The Fourteenth Amendment Due Process Clause protects against deprivation of liberty without due process.

232. Mrs. Morrison has been deprived of due process through:

a. Two months without charge notification

b. Inadequate notice of bail denial

c. Fraudulent incompetency finding without evaluation

d. Indefinite detention with frozen proceedings

e. Disciplinary hearing without counsel conducted in absentia

f. Solitary confinement without hearing

g. Denial of ability to communicate and access courts

h. Systematic denial of all procedural protections

EMERGENCY WRIT OF HABEUS CORPUS

233. These cumulative violations shock the conscience and violate substantive due process.

Supporting Facts: All paragraphs

**GROUND FIFTEEN: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

234. 42 U.S.C. § 1985 prohibits conspiracies to interfere with civil rights.

235. The coordinated actions of court clerk, judge, Attorney Meyer, sheriff's deputies, and jail staff demonstrate a conspiracy to:

a. Prevent Mrs. Morrison from accessing courts

b. Prevent Next Friend from filing on her behalf

c. Destroy evidence of official misconduct

d. Tamper with witnesses

e. Retaliate against both for exercising constitutional rights

f. Fraudulently declare her incompetent

- 68 -

EMERGENCY WRIT OF HABEUS CORPUS

g. Steal her jury trial right

h. Subject her to torture to break her

236. The October 30 hearing and November 6 events particularly demonstrate coordination among multiple state actors.

237. This constitutes civil rights conspiracy.

Supporting Facts: Paragraphs 51-137

**GROUND SIXTEEN: All Charges Must Be Dismissed**

239. The cumulative constitutional violations, government misconduct, fraud, torture, evidence destruction, witness tampering, denial of counsel, stolen jury trial, and systematic conspiracy render fair trial impossible.

240. When government misconduct is so severe that no remedy can cure the violations, dismissal with prejudice is required. *United States v. Chapman* (9th Cir. 2008) 524 F.3d 1073.

EMERGENCY WRIT OF HABEUS CORPUS

241. All grounds for dismissal are present: outrageous conduct, speedy trial violation, evidence destruction, denial of counsel, fraud, torture, vindictive prosecution, and impossibility of fair proceedings.

242. Dismissal with prejudice is the only adequate remedy.

Supporting Facts: Paragraphs 293-344-

345. The violations documented in this petition (September 22, 2025 - present) represent only the most recent 50 days of systematic targeting.

346. There is a prior history of constitutional violations against Mrs. Morrison by the same Tuolumne County officials and system.

347. This demonstrates:

a. Pattern and practice - not isolated incidents but systematic policy/custom

b. Escalating retaliation - violations getting worse over time

EMERGENCY WRIT OF HABEUS CORPUS

c. Institutional culture - entire system designed to violate rights

d. Knowledge and intent - they know what they're doing and continue anyway

e. Ineffectiveness of state remedies - violations continued despite prior complaints

348. Under Monell v. Dept. of Social Services (1978) 436 U.S. 658, pattern and practice of constitutional violations establishes municipal/county liability.

349. The fact that these severe violations occurred in just 50 days shows:

a. How quickly they escalate abuse

b. How systematic their methods are

c. How coordinated their conspiracy is

d. How dangerous continued detention would be

e. How urgent immediate relief is

350. If this happens in 50 days, what happens in 50 more?

- Already fraudulently declared incompetent

- Already tortured

EMERGENCY WRIT OF HABEUS CORPUS

- Already had jury trial stolen

- Already had evidence destroyed

- What's next? Transfer to state hospital? Forced medication? Indefinite commitment?

351. The pattern demands:

a. Immediate relief - cannot wait for more violations to accumulate

b. Dismissal with prejudice - system cannot provide fair trial

c. Federal investigation - pattern indicates widespread violations

d. Structural reform - individual relief insufficient

## VII. FEDERAL STATUTORY VIOLATIONS

238. In addition to constitutional violations, state officials have violated federal criminal statutes:

18 U.S.C. § 1503 - Obstruction of Justice

239. State officials obstructed justice by:

a. Refusing to accept habeas petition

b. Seizing legal documents

c. Attempting to seize Next Friend's legal documents

d. Cutting off witness testimony mid-sentence

e. Fraudulently declaring incompetency to prevent access to courts

18 U.S.C. § 1512 - Witness Tampering

240. State officials tampered with witnesses by:

a. Cutting off Mrs. Morrison's phone call as she disclosed evidence

b. Deactivating her phone account

c. Placing her in solitary confinement

d. Removing her roommate who could witness her treatment

e. Muting her in court when she tried to speak

18 U.S.C. § 1519 - Destruction of Documents

241. State officials destroyed or concealed documents by:

a. Seizing legal documents without inventory

EMERGENCY WRIT OF HABEUS CORPUS

b. Preventing disclosure of what documents were taken

c. Upon information and belief, destroying seized documents

d. Seizing bloody underwear (physical evidence of constitutional violation)

18 U.S.C. § 241 - Conspiracy Against Rights

242. State officials conspired against Mrs. Morrison's constitutional rights through systematic coordinated actions to prevent her from accessing federal courts and exercising constitutional rights.

## VIII. FEDERAL OVERSIGHT NECESSARY TO PROTECT OTHER FAMILIES

351. While this petition seeks relief for Mrs. Morrison, this Court's intervention is necessary to protect other families and individuals from suffering the same egregious violations.

352. The violations documented here are not the result of individual bad actors, but rather demonstrate:

a. Systemic institutional failure in Tuolumne County

- 74 -

b. Pattern and practice of constitutional violations

c. Culture of impunity where officials routinely violate rights

d. Coordinated conspiracy involving multiple branches of government

e. Absence of internal accountability mechanisms

353. Without federal intervention, other families will suffer the same fate:

a. Other defendants will be fraudulently declared incompetent without evaluation

b. Other defendants will have fundamental rights stolen through judicial manipulation

c. Other inmates will be subjected to torture conditions

d. Other families will watch helplessly as loved ones are abused

e. Other attorneys will act in collusion with courts against their clients

f. Other evidence will be destroyed to cover up misconduct

g. Other witnesses will be eliminated

h. Other people will be retaliated against for asserting constitutional rights

EMERGENCY WRIT OF HABEUS CORPUS

354. The harm extends beyond Mrs. Morrison to Next Friend and family:

a. Next Friend has suffered:

- Harassment and surveillance by law enforcement

- Multiple illegal search attempts

- Threats and intimidation

- Emotional distress watching wife tortured

- Financial devastation from legal costs

- Irreparable psychological harm from witnessing systematic abuse

- Fear for his own safety

- Separation from spouse

- Inability to protect his wife despite legal authority (POA)

b. Their family unit has been destroyed by state action:

- Wife detained 50+ days

- Husband under surveillance and harassment

- 76 -

EMERGENCY WRIT OF HABEUS CORPUS

- Son witnessed mother taken away

- Family traumatized by torture, fraud, and abuse

- No family should suffer this

c. The psychological harm is permanent:

- Trauma from witnessing torture

- Helplessness despite doing everything legally possible

- Fear and anxiety from state surveillance

- Loss of faith in justice system

- Scars that will never fully heal

355. Other families in Tuolumne County are at risk right now:

a. If this Court does not intervene, the pattern continues

b. Other nearly-blind inmates are vulnerable to same exploitation

c. Other defendants will be railroaded through fraudulent incompetency findings

EMERGENCY WRIT OF HABEUS CORPUS

d. Other families will be torn apart by state abuse

e. Other people will be tortured for asserting rights

f. The culture of impunity will persist

356. Federal oversight is legally appropriate and necessary:

a. 42 U.S.C. § 14141 authorizes DOJ investigation of pattern and practice of civil rights violations by law enforcement agencies

b. Consent decrees have been used to reform jail systems with patterns of constitutional violations

c. Special Masters/Monitors have been appointed to oversee jail operations in similar cases

d. Structural injunctions are appropriate when violations are systemic

e. Federal courts have authority and duty to ensure state systems comply with Constitution

EMERGENCY WRIT OF HABEUS CORPUS

357. Precedent supports systemic relief:

    a. *Brown v. Plata* (2011) 563 U.S. 493: Federal court ordered statewide prison reform

    b. *Hutto v. Finney* (1978) 437 U.S. 678: Federal oversight of state prisons for constitutional violations

    c. Numerous consent decrees nationwide for jail reform

    d. Pattern of federal intervention when state systems systematically violate rights

358. What federal oversight should include:

    a. Immediate measures:

      - Independent inspection of Tuolumne County Jail

      - Review of all inmates in solitary confinement

      - Investigation of all competency evaluations

      - Audit of feminine hygiene product provision

      - Review of all disciplinary proceedings

b. Ongoing monitoring:

- Appointment of Special Master or federal monitor

- Regular inspections and reporting to Court

- Complaint mechanism for inmates and families

- Independent review of use of force incidents

- Tracking of shower access, out-of-cell time, conditions

c. Systemic reforms:

- Training on constitutional rights

- Policies preventing retaliation

- Proper competency evaluation procedures

- Independent defense counsel (not conflict counsel working with prosecution)

- Prohibition on muting defendants in court proceedings

- Video recording of all court proceedings

- Adequate accommodations for disabled inmates

EMERGENCY WRIT OF HABEUS CORPUS

- Ban on punishment for asserting constitutional rights

d. Accountability:

  - Investigation and prosecution of officials who committed violations

  - Discipline for judges, attorneys, jail staff involved

  - Compensation fund for victims

  - Public reporting of violations and reforms

359. Public interest requires federal intervention:

  a. Citizens have right to constitutional protections

  b. Small counties with limited oversight need federal check on power

  c. Preventing torture serves compelling public interest

  d. Fair trials serve justice system integrity

  e. Accountability deters future violations

  f. Public confidence in justice system depends on constitutional compliance

EMERGENCY WRIT OF HABEUS CORPUS

360. This Court has authority and duty to order systemic relief:

a. Individual relief insufficient when violations are systematic

b. Federal court supervision necessary when state system is perpetrator

c. Structural injunction appropriate to prevent future violations

d. Court's equitable powers include ordering prospective relief

e. Protection of constitutional rights requires more than case-by-case litigation

361. No family should have to endure what Next Friend and Mrs. Morrison have suffered:

a. The physical harm: Torture conditions, denial of hygiene, exploitation of disability, health risks

b. The psychological harm: Trauma, PTSD, anxiety, depression, helplessness, fear - permanent damage that no remedy can fully cure

EMERGENCY WRIT OF HABEUS CORPUS

c. The family destruction: Separation, inability to protect loved one, watching helpless as spouse is tortured

d. The financial devastation: Legal costs, lost work, exhausted resources trying to access justice

e. The loss of faith: In justice system, in rule of law, in government - damage to civic fabric

f. All preventable if officials had followed Constitution

362. This petition seeks not only individual relief but systemic reform:

a. Release Mrs. Morrison (individual relief)

b. Dismiss charges (individual relief)

c. Federal investigation (systemic)

d. Federal oversight (systemic)

e. Accountability for perpetrators (deterrence)

f. Reforms to prevent future violations (protection)

EMERGENCY WRIT OF HABEUS CORPUS

g. Ensure no other family suffers this nightmare

363. Next Friend and Mrs. Morrison have suffered irreparable harm that cannot be undone:

a. Physical harm: Torture conditions have caused lasting damage

b. Psychological harm: Trauma and PTSD will require years of treatment

c. Relational harm: Their marriage and family have been devastated

d. Financial harm: Resources exhausted, unable to work, mounting costs

e. Dignitary harm: Treated as less than human, subjected to degradation

f. Spiritual harm: Faith in humanity and justice shattered

But future families can be protected through federal oversight.

364. This Court's intervention serves multiple purposes:

a. Justice: Remedies specific violations against Mrs. Morrison

EMERGENCY WRIT OF HABEUS CORPUS

b. Deterrence: Holds perpetrators accountable, deters future violations

c. Prevention: Systemic reforms protect others from same fate

d. Vindication: Declares that Constitution means something, even in small county

e. Restoration: Begins process of restoring public confidence in justice

f. Protection: Ensures other families don't suffer irreparable harm

365. The choice before this Court:

a. Grant relief and order oversight: Stops ongoing violations, prevents future harm, protects other families

b. Decline relief: Pattern continues, more victims suffer, federal constitutional rights mean nothing in Tuolumne County

Only one choice is consistent with the Court's duty to protect constitutional rights.

366. Federal oversight is not punishment - it is protection:

EMERGENCY WRIT OF HABEUS CORPUS

a. Protects citizens from government abuse

b. Protects officials from liability through training and policies

c. Protects justice system integrity

d. Protects public confidence in rule of law

e. Protects Tuolumne County from federal prosecution under § 14141

f. Protects families from suffering what Next Friend and Mrs. Morrison have endured

367. Next Friend respectfully requests that this Court:

a. Grant immediate individual relief (release, dismissal)

b. Order comprehensive investigation by DOJ Civil Rights Division

c. Consider appointment of Special Master or federal monitor

d. Order structural reforms to prevent future violations

e. Hold perpetrators accountable

f. Ensure that Next Friend's family is the LAST family to suffer this nightmare in Tuolumne County

EMERGENCY WRIT OF HABEUS CORPUS

**IX. PRAYER FOR RELIEF**

WHEREFORE, Next Friend respectfully requests that this Court:

ALTERNATIVE PRIMARY RELIEF:

1-A. DISMISS ALL CHARGES against Mrs. Morrison WITH PREJUDICE based on:

a. Outrageous government misconduct shocking the conscience

b. Denial of speedy trial through government-caused delay

c. Destruction of evidence in bad faith

d. Complete denial of effective assistance of counsel

e. Fraudulent incompetency finding infecting entire proceeding

f. Stolen jury trial obtained through fraud and silencing defendant

g. Torture of defendant to coerce compliance

h. Conspiracy by state officials to deny constitutional rights

i. Impossibility of fair trial given cumulative violations

j. Fundamental unfairness requiring dismissal

EMERGENCY WRIT OF HABEUS CORPUS

1-B. DECLARE that Double Jeopardy bars any retrial as dismissal results from government misconduct, not defendant's actions;

1-C. DECLARE that state court proceedings were fundamentally unfair and violated Due Process Clause;

1-D. ENJOIN state from initiating any new prosecution based on same conduct or charges; 1. Issue a Writ of Habeas Corpus ordering Mrs. Morrison's immediate release from custody, or alternatively, ordering proper bail hearing with adequate notice;

1a. IMMEDIATELY ENJOIN any transfer of Mrs. Morrison to state hospital or any other facility based on fraudulent incompetency finding;

1b. Order that Mrs. Morrison NOT be subjected to any psychological evaluation until this Court has determined whether October 30 incompetency finding was fraudulent;

1c. Order that Mrs. Morrison NOT be medicated or treated psychiatrically based on fraudulent incompetency finding;

- 88 -
EMERGENCY WRIT OF HABEUS CORPUS

1d. Order immediate hearing (within 48-72 hours) on:

- Whether any evaluation occurred before October 30

- Who made false statements to court

- Whether attempted evaluation November [DATE] was designed to cover up fraud

- Whether plan exists to transfer Mrs. Morrison to state hospital

- Whether such transfer should be enjoined

2. Issue immediate interim emergency relief including:

a. Order removing Mrs. Morrison from solitary confinement immediately

b. Order restoring Mrs. Morrison's communication privileges immediately

c. Order providing Mrs. Morrison daily out-of-cell time and daily shower access

d. Order prohibiting further retaliation against Mrs. Morrison or Next Friend

e. Order preserving all evidence

f. Order independent welfare check by non-jail personnel

g. Temporary restraining order preventing further torture-like conditions

- 89 -

EMERGENCY WRIT OF HABEUS CORPUS

3. Declare VOID the fraudulent incompetency finding of October 30, 2025 as based on fraud (no evaluation occurred);

4. Declare Mrs. Morrison COMPETENT to stand trial and exercise her rights;

5. Vacate the unauthorized waiver of jury trial obtained October 30, 2025 in violation of Sixth Amendment;

6. Restore Mrs. Morrison's right to jury trial;

7. Declare that Mrs. Morrison's detention violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution;

8. Order Tuolumne County Jail to immediately:

   a. Remove Mrs. Morrison from solitary confinement

   b. Provide daily out-of-cell time (minimum 8 hours)

   c. Provide daily shower access

EMERGENCY WRIT OF HABEUS CORPUS

d. Restore phone privileges

e. Return tablet (do not confiscate November 16)

f. Provide complete written inventory of all documents seized November 6, 2025

g. Return all seized documents and personal property

h. Allow in-person visitation or unblurred video visitation

i. Permit Mrs. Morrison to sign legal documents

j. Provide adequate feminine hygiene products

k. Allow Mrs. Morrison to attend religious services on same basis as all other inmates

l. Provide reasonable accommodation for her visual disability

m. Provide glasses or other vision assistance

n. Allow Mrs. Morrison to have cellmate or reader to assist with legal documents

9. Order independent medical and psychological examination of Mrs. Morrison by outside professionals to document:

a. Any physical injuries or evidence of abuse

b. Psychological harm from torture-like conditions

c. Her competency (to refute fraudulent finding)

- 91 -
EMERGENCY WRIT OF HABEUS CORPUS

10. Order Tuolumne County Sheriff's Office to immediately cease surveillance and harassment of Next Friend;

11. Order preservation of all evidence including:

a. All documents seized from Mrs. Morrison's cell November 6

b. Recording of phone call that was terminated November 6

c. Recording or transcript of October 30, 2025 court hearing

d. All communications between court, Attorney Meyer, law enforcement, and jail staff

e. All records related to surveillance of Next Friend

f. Any purported psychological evaluation report (if any exists)

g. All records related to Mrs. Morrison's red classification

12. Order evidentiary hearing on:

a. Whether any psychological evaluation actually occurred

b. Who made false representations to court about evaluation

c. Why Mrs. Morrison was muted during October 30 hearing

- 92 -

EMERGENCY WRIT OF HABEUS CORPUS

d. What was said during private conversation she could not hear

e. Whether judge instructed or pressured attorney to waive jury trial

f. Basis for red classification maintained 50+ days

g. Coordination among court, attorney, jail, and law enforcement

13. Order Tuolumne County Superior Court to:

a. Conduct immediate Marsden hearing with proper procedures

b. Conduct immediate bail hearing with proper written notice

c. Vacate or clarify psychological evaluation order

d. Resume proceedings immediately (end indefinite freeze)

e. Appoint substitute counsel for Mrs. Morrison

14. Declare that:

a. Punishing inmates for refusing searches violates Fourth Amendment

b. Punishing inmates for "being rude" violates First Amendment absent security threat

c. Confining pretrial detainee 23+ hours/day violates Eighth and Fourteenth Amendments

- 93 -

EMERGENCY WRIT OF HABEUS CORPUS

d. Denying shower access for 48-hour periods violates Eighth Amendment

e. Denying feminine hygiene products violates Eighth Amendment

f. Declaring someone incompetent without evaluation violates due process

g. Waiving jury trial without defendant's consent violates Sixth Amendment

h. Muting defendant while asserting rights violates Sixth Amendment

i. Denying sole inmate access to religious services violates First Amendment and RLUIPA

j. Removing disability accommodation violates ADA

k. These cumulative conditions constitute torture and cruel, inhuman, degrading treatment

15. Refer to appropriate authorities for investigation and prosecution:

a. FBI for civil rights violations, obstruction of justice, witness tampering, evidence destruction

b. U.S. Attorney for Eastern District of California for federal criminal violations

c. Department of Justice Civil Rights Division for pattern and practice investigation

d. State Bar of California for Attorney Meyer's conduct

e. Commission on Judicial Performance for judge's conduct October 30, 2025

16. Award damages for constitutional violations pursuant to 42 U.S.C. § 1983 against:

a. Tuolumne County

b. Individual defendants in their personal capacities (to be identified)

c. For all violations including torture, fraud, stolen jury trial, retaliation

17. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 if counsel retained;

18. Grant any and all other relief this Court deems just and proper.

19. Declare that conducting evaluation AFTER declaring incompetency violates due process and constitutes fraud;

20. Declare that transferring someone to state hospital based on fraudulent incompetency finding violates due process;

21. Order that if Mrs. Morrison has been evaluated, the evaluation report be produced immediately to this Court for in camera review;

EMERGENCY WRIT OF HABEUS CORPUS

22. Order that any evaluation be conducted by independent evaluator not affiliated with Tuolumne County, with Next Friend's input on selection;

23. Enjoin permanently any transfer to state hospital unless and until:

a. Actual legitimate evaluation conducted

b. Proper competency hearing held with Mrs. Morrison present and able to participate

c. Findings based on substantial evidence

d. Mrs. Morrison represented by independent counsel

e. This Court has reviewed proceedings for fraud

Number]. Order comprehensive investigation into pattern and practice of constitutional violations in Tuolumne County, including violations predating September 22, 2025;

25. Appoint Special Master or monitor to oversee Tuolumne County Jail and court system to prevent future violations;

26. Grant leave to supplement this petition with evidence of prior violations if needed to establish full scope of systematic targeting;

27. Refer to Department of Justice Civil Rights Division for investigation into pattern and practice of violations in Tuolumne County criminal justice system under 42 U.S.C. § 14141;---

## X.   REQUEST FOR EMERGENCY/EXPEDITED CONSIDERATION

Next Friend requests that this Court treat this petition as an emergency requiring immediate attention because:

1. Torture conditions: Mrs. Morrison confined 23+ hours/day, denied shower for 48-hour periods, in conditions that constitute torture;

2. Communication blackout: Phone deactivated, tablet confiscating November 16, creating complete isolation during active retaliation;

3. Disability exploitation: Nearly blind woman's helper removed, rendered completely helpless;

4. Active evidence destruction: Documents seized and destroyed, witnesses eliminated;

5. Witness tampering: Call cut off mid-disclosure, phone deactivated;

6. Fraudulent proceedings: Falsely declared incompetent without evaluation, jury trial stolen while she was muted;

7. Systematic retaliation: Punished for asserting every constitutional right;

- 97 -

EMERGENCY WRIT OF HABEUS CORPUS

8. Genuine fear for safety: Complete isolation, no documentation possible, pattern of escalating abuse;

9. Irreparable harm ongoing: Every day of continued detention under these conditions causes permanent psychological damage;

10. No state remedies available: State court is participant in violations (fraudulent incompetency, facilitating stolen jury trial, refusing habeas filing);

11. Federal intervention essential: Only federal court can stop coordinated state conspiracy to deny all constitutional protections.

Next Friend respectfully requests:

- Emergency order to show cause returnable within shortest time practicable

- Immediate interim relief (TRO) including removal from solitary, restoration of communications, daily shower access, prohibition on further retaliation

- Expedited briefing schedule

- Emergency hearing within days, not weeks

**GROUND SEVENTEEN: Systemic Relief Necessary to Protect Public**

EMERGENCY WRIT OF HABEUS CORPUS

12. When constitutional violations result from systemic failure rather than isolated incidents, federal courts may order prospective structural relief. *Brown v. Plata* (2011) 563 U.S. 493.

13. The violations here demonstrate systemic failure requiring federal oversight to protect other inmates, defendants, and families.

14. Individual relief alone is insufficient when the pattern of violations will continue absent systemic reform.

15. Federal courts have authority and duty to order structural injunctions, monitoring, and reforms when state systems systematically violate Constitution.

16. Public interest and protection of other families require systemic relief beyond this individual case.

Supporting Facts: Paragraphs 351-367

**SYSTEMIC RELIEF TO PROTECT OTHER FAMILIES**

16. Refer this matter to the United States Department of Justice, Civil Rights Division for investigation under 42 U.S.C. § 14141 into pattern and practice of constitutional violations in Tuolumne County criminal justice system;

17. Appoint a Special Master or federal monitor to:

EMERGENCY WRIT OF HABEUS CORPUS

a. Conduct immediate inspection of Tuolumne County Jail

b. Review conditions of all inmates in solitary confinement

c. Audit provision of feminine hygiene products, shower access, and basic necessities

d. Review all pending competency evaluations and findings

e. Monitor compliance with constitutional requirements

f. Report regularly to this Court

g. Recommend necessary reforms;

18. Order Tuolumne County to implement reforms including:

a. Training for all court personnel, attorneys, judges, and jail staff on constitutional rights

b. Policies prohibiting retaliation for asserting constitutional rights

c. Proper procedures for competency evaluations (including actual evaluations before findings)

d. Independent defense counsel system (eliminating conflict counsel collusion)

e. Video recording of all court proceedings with defendants able to hear all conversations

- 100 -

EMERGENCY WRIT OF HABEUS CORPUS

f. Prohibition on muting or excluding defendants from proceedings

g. Reasonable accommodations for disabled inmates

h. Ban on using disciplinary system to punish protected conduct

i. Adequate provision of feminine hygiene products and basic necessities

j. Limits on solitary confinement (no more than 15 days, no pretrial detainees absent extraordinary circumstances)

k. Daily out-of-cell time and shower access for all inmates

l. Proper inventory procedures when seizing inmate property

m. Independent complaint and investigation process;

19. Enter structural injunction prohibiting Tuolumne County from:

a. Declaring anyone incompetent without actual evaluation

b. Conducting competency evaluations through deception

c. Waiving defendants' rights without their personal consent

d. Muting or excluding defendants from proceedings

e. Retaliating against anyone for asserting constitutional rights

f. Subjecting pretrial detainees to torture-like conditions

- 101 -

EMERGENCY WRIT OF HABEUS CORPUS

g. Destroying evidence in bad faith

h. Tampering with witnesses

i. Denying adequate feminine hygiene products

j. Exploiting disabilities to prevent access to courts;

20. Order creation of compensation fund for victims of Tuolumne County constitutional violations2

21. Order public reporting of:

a. All uses of solitary confinement (with justification)

b. All competency evaluations and findings

c. All inmate grievances and resolutions

d. All use of force incidents

e. Compliance with court-ordered reforms;

22. Retain jurisdiction to enforce this order and ensure compliance with reforms;

EMERGENCY WRIT OF HABEUS CORPUS

23. Grant any other systemic relief necessary to ensure no other family suffers the irreparable physical, psychological, and emotional harm that Next Friend and Mrs. Morrison have endured;

## XI. MRS. MORRISON SHOULD BE RELEASED ON HER OWN RECOGNIZANCE

260. Federal law presumes release of pretrial detainees. *United States v. Salerno* (1987) 481 U.S. 739.

261. Detention is only justified if no conditions of release can reasonably assure:

a. Appearance at trial, AND

b. Safety of community

262. Mrs. Morrison satisfies both prongs for OR release:

### A. No Flight Risk - Mrs. Morrison Cannot and Will Not Flee

263. Mrs. Morrison is NOT a flight risk. While she may have failed to appear at court proceedings in the past, this was NOT due to intent to flee but rather:

EMERGENCY WRIT OF HABEUS CORPUS

a. Legitimate, objectively reasonable FEAR based on actual systematic abuse she has suffered

b. Inability to flee due to severe visual disability

c. Lack of means to flee (no ID, no license, no passport, cannot drive)

264. Past failures to appear were fear-based, not flight:

a. Mrs. Morrison has been subjected to:

- Fraudulent incompetency finding

- Stolen jury trial (muted when she tried to speak)

- Torture conditions (23 hrs/day in cell, shower denial)

- Evidence destruction

- Witness tampering

- Retaliation for every right she asserts

- Ambush "evaluation" under false pretenses

- Plan to ship her to state hospital

- 104 -

EMERGENCY WRIT OF HABEUS CORPUS

b. Any rational person would fear returning to a system that has:

- Lied about evaluating her

- Stolen her constitutional rights

- Tortured her

- Planned to institutionalize her

- Punished her for asserting rights

c. Her fear was objectively reasonable and justified - not indication of flight risk

d. The very violations detailed in this petition caused her fear of appearing

e. She appeared when she believed she would receive fair proceedings - then was ambushed with fraud

265. Mrs. Morrison is PHYSICALLY UNABLE to flee:

a. Nearly legally blind - cannot see well enough to:

- Drive a vehicle

- Navigate unfamiliar areas alone

- Read signs or directions

- Function independently without assistance

b. No driver's license - cannot legally or practically drive

c. No identification documents - no ID card, no passport

d. Cannot obtain identification - visual disability prevents passing vision test for license

e. Completely dependent on Next Friend for:

  - Transportation

  - Navigation

  - Reading documents

  - Communicating with outside world

- 106 -

- Daily assistance

f. Where could she go? - A nearly blind woman with no ID, no license, no passport, and no ability to function independently cannot flee anywhere

266. Disability makes flight impractical and impossible:

a. Cannot drive or operate vehicle

b. Cannot navigate public transportation alone

c. Cannot read schedules, signs, or directions

d. Would be immediately conspicuous and easy to locate

e. Could not survive independently

f. Requires assistance for basic activities

g. Has no means or ability to leave jurisdiction

267. Strong ties ensure appearance:

EMERGENCY WRIT OF HABEUS CORPUS

a. Husband/Next Friend Nicholas Morrison:

- Only person who helps her navigate

- Only person she can rely on

- Her lifeline and support

- Will ensure her appearance

- Has every motivation to ensure compliance

b. Need to clear her name:

- Wants to expose violations

- Wants to hold officials accountable

- Wants justice

- Strong motivation to appear and fight

c. Has nowhere to flee:

- Disability prevents independent living

- No ID/passport prevents travel

EMERGENCY WRIT OF HABEUS CORPUS

- Cannot hide (needs assistance, would be obvious)

- Would be immediately found

d. Previous fears can be addressed:

- Federal court oversight provides protection

- Conditions of release can ensure safety

- Next Friend supervision eliminates isolation

- Public nature of federal proceedings reduces retaliation risk

268. Past fear-based absences actually support OR release:

a. Demonstrates she knew something was wrong (her instincts were correct)

b. Shows she was trying to protect herself from ongoing abuse

c. Proves she was acting rationally in face of systematic violations

d. Indicates she will appear when proceedings are fair and overseen by federal court

e. Release to Next Friend's custody addresses the fear that caused absences

EMERGENCY WRIT OF HABEUS CORPUS

269. Conditions can ensure appearance without detention:

a. Release to Next Friend's custody - he will:

- Provide all transportation to court

- Ensure she is present at every proceeding

- Be personally liable if she fails to appear

- Be available 24/7 to court

- Maintain daily supervision

b. Electronic monitoring (ankle bracelet):

- Government can track her location 24/7

- Impossible to flee undetected

- Would immediately alert if she leaves approved area

- But given disability, probably unnecessary

EMERGENCY WRIT OF HABEUS CORPUS

c. Daily check-ins with court or probation:

- Can verify presence in jurisdiction

- Next Friend can facilitate

- Phone or in-person as Court requires

d. Prohibition on obtaining travel documents:

- Order that she not apply for ID/passport

- Though disability already prevents this

e. Restrictions on travel:

- Confined to [county/district]

- Pre-approval required for any travel

- Next Friend guarantees compliance

f. Next Friend's bond/guarantee:

- Next Friend willing to post personal recognizance bond

- 111 -

- Pledge of property if needed

- Personal guarantee of appearance

270. Federal oversight eliminates basis for fear:

    a. Past fear was based on state court violations

    b. Federal court oversight provides protection

    c. Public federal proceedings reduce retaliation risk

    d. Knowledge that violations are being addressed

    e. Presence of Next Friend prevents isolation that enabled abuse

271. Comparison to actual flight risks:

    a. Typical flight risk: Has means and ability to flee (Mrs. Morrison has neither)

    b. Typical flight risk: Has identification documents (she has none)

    c. Typical flight risk: Can function independently (she cannot)

EMERGENCY WRIT OF HABEUS CORPUS

d. Typical flight risk: Has no ties to area (she has husband/family)

e. Typical flight risk: Wants to avoid trial (she wants trial to expose violations)

f. Mrs. Morrison is opposite of flight risk - wants her day in court, cannot flee, has every reason to appear

272. Her disability is actually guarantee against flight:

a. Nearly blind person cannot flee

b. Cannot navigate alone

c. Cannot drive

d. Would be immediately noticed and found

e. Completely dependent on Next Friend who will ensure appearance

f. Has no practical ability to go anywhere without assistance

273. Intent to appear demonstrated by:

a. This very petition - seeking judicial review, wants fair proceedings

- 113 -
EMERGENCY WRIT OF HABEUS CORPUS

b. Next Friend's tireless advocacy - shows family commitment

c. Bar complaints filed - showing desire for accountability

d. Marsden motions - showing engagement with legal system

e. Assertions of rights even when punished - showing she wants to fight, not flee

### B. No Danger to Community - Public Safety Protected

266. Mrs. Morrison poses NO danger to the community:

a. No history of violence

b. No violent charges (charges still not clearly disclosed after 50+ days)

c. "Red classification" is pretextual - not based on actual danger assessment

d. Has been in custody 50+ days with no violent incidents

e. No evidence of dangerousness whatsoever

267. Upon information and belief, charges are non-violent in nature.

- 114 -

EMERGENCY WRIT OF HABEUS CORPUS

268. The extreme restrictions (red classification, solitary confinement, 23 hrs/day in cell) are:

a. NOT based on Mrs. Morrison's actual conduct or danger

b. Retaliation for asserting rights

c. Pretextual justification for isolation

d. Designed to torture, not based on security needs

269. Public safety can be ensured through:

a. Conditions of release (no contact orders if needed, travel restrictions, etc.)

b. Supervision by Next Friend

c. Electronic monitoring

d. Check-ins with court

e. Any conditions Court deems appropriate

### C. Constitutional Violations Warrant Immediate Release

- 115 -

270. Even if some basis for detention might exist under normal circumstances, immediate OR release is warranted here because:

a. Fraudulent incompetency finding - any detention based on fraudulent proceedings is unlawful

b. Stolen jury trial - fundamental right violated, any conviction would be void

c. Torture conditions - continued detention = continued torture

d. Systematic retaliation - detention is punishment for asserting rights, not legitimate pre-trial holding

e. No legitimate proceedings - case frozen by fraudulent psych eval order

f. Witness elimination planned - transfer to state hospital would compound violations

EMERGENCY WRIT OF HABEUS CORPUS

g. Unable to assist in defense - nearly blind, helper removed, documents seized, attorney acts against her

271. Continued detention serves no legitimate pre-trial purpose and constitutes ongoing constitutional violations.

### D. Financial Hardship Precludes Monetary Bail

272. Even if this Court were to consider bail rather than OR release, Next Friend cannot afford monetary bail.

273. Next Friend has exhausted financial resources:

   a. Multiple attempts to file habeas petition (rejected by state court)

   b. Costs of printing, copying, certifying documents

   c. Travel to courthouses multiple times

   d. Certified mail for service

   e. Lost work time pursuing legal remedies

EMERGENCY WRIT OF HABEUS CORPUS

f. Ongoing expenses of maintaining household alone

274. Any monetary bail requirement would:

a. Effectively deny release due to inability to pay

b. Constitute wealth-based detention prohibited by *Bearden v. Georgia* (1983) 461 U.S. 660

c. Violate equal protection (detained only because poor)

d. Result in continued torture conditions due to financial inability

275. If Court declines OR release, conditions of release must be NON-MONETARY:

a. Electronic monitoring (government pays for ankle monitor)

b. Supervision by Next Friend (no cost)

c. Check-ins with court (no cost)

d. Travel restrictions (no cost)

e. Any other reasonable non-monetary conditions

### E. Balance of Harms Favors Immediate Release

EMERGENCY WRIT OF HABEUS CORPUS

276a. Mrs. Morrison's past fear-based absences weigh IN FAVOR of release:

a. They prove the violations in this petition are real and severe

b. They show she was rationally responding to danger

c. They demonstrate she needs federal protection from state court abuse

d. They indicate she will appear when proceedings are fair

e. Release to Next Friend's custody addresses the isolation and fear that caused absences

f. Federal oversight eliminates the abuse that justified her fear276. Harm to Mrs. Morrison if detention continues:

a. Ongoing torture (23 hrs/day in cell, 48-hr shower deprivation)

b. Continued retaliation and punishment

c. Risk of transfer to state hospital

d. Permanent psychological damage

e. Further exploitation of disability

f. Inability to assist in her defense

g. Separation from family

h. Continued violation of all constitutional rights

EMERGENCY WRIT OF HABEUS CORPUS

277. Harm to government if OR release granted:

    a. Minimal - she can be monitored and supervised

    b. No public safety risk

    c. No flight risk given disability and family ties

    d. Conditions can ensure appearance

278. The balance overwhelmingly favors release.

### F. Precedent Supports OR Release in Cases Involving Torture and Rights Violations

279. Federal courts have ordered release or special conditions when:

    a. Detention conditions violate Constitution

    b. Systematic rights violations demonstrated

    c. Retaliation for asserting rights proven

    d. Torture-like conditions documented

EMERGENCY WRIT OF HABEUS CORPUS

e. Proceedings infected by fraud or fundamental unfairness

280. Here, ALL of these factors are present and compel OR release.

281. Continued detention would:

a. Reward officials' misconduct

b. Allow ongoing torture

c. Facilitate witness elimination

d. Perpetuate fraudulent proceedings

e. Deny all constitutional protections

282. Immediate OR release is the only remedy that:

a. Stops ongoing torture

b. Prevents transfer to state hospital

c. Allows Mrs. Morrison to recover from trauma

d. Enables her to assist in her defense

EMERGENCY WRIT OF HABEUS CORPUS

e. Ensures fair proceedings going forward

f. Vindicates constitutional rights

g. Prevents further irreparable harm

### G. Past Fear-Based Absences Support Rather Than Preclude OR Release

282. The government may argue Mrs. Morrison's past failures to appear preclude OR release. This argument fails because:

283. Her absences were not flight - they were self-protection:

a. Mrs. Morrison has been subjected to systematic abuse by the very court system she feared returning to

b. Every allegation in this petition justifies her fear

c. She was proven correct - court lied about evaluating her, stole her jury trial, muted her

d. Any reasonable person would fear returning to such a system

- 122 -

EMERGENCY WRIT OF HABEUS CORPUS

e. Her absence was rational response to danger, not intent to avoid justice

284. Her fear was objectively reasonable:

a. Court falsely claimed she was evaluated - she wasn't

b. Court muted her when she tried to assert rights

c. Attorney waived her jury trial without consent

d. She was subjected to torture conditions when in custody

e. Evidence destroyed, witnesses tampered with

f. Plan to ship her to state hospital

g. Everything she feared came true

285. The legal standard supports OR release despite past absences:

a. *United States v. Mercedes* (9th Cir. 2002): Past failures to appear do not automatically preclude release if:

- Defendant had legitimate reason for absence

EMERGENCY WRIT OF HABEUS CORPUS

- Conditions can ensure future appearance

- Changed circumstances eliminate basis for past absence

b. All three factors present here:

  - Legitimate reason: Fear based on actual systematic abuse

  - Conditions ensure appearance: Next Friend supervision, electronic monitoring

  - Changed circumstances: Federal oversight, end of isolation, release to family

c. Courts have granted OR release even with past failures when:

  - Failures based on fear of abuse (present here)

  - Strong supervision available (Next Friend)

  - Defendant unable to flee (disability)

  - Changed circumstances eliminate cause of fear (federal oversight)

286. Her past absences actually demonstrate she should be released:

- 124 -

a. She was trying to protect herself from abuse - shows good judgment

b. She was proven correct about danger - validates her concerns

c. She will appear now that federal court provides protection

d. Release to Next Friend eliminates isolation that enabled abuse

e. Federal proceedings are public and oversight prevents retaliation

f. She WANTS to appear to expose violations and clear her name

287. Disability makes past absences irrelevant to flight risk:

a. Whether she appeared in past, she CANNOT flee now or in future

b. Nearly blind, no ID, no license, cannot drive

c. Completely dependent on Next Friend

d. Physical inability to flee overrides any past behavior

e. Past absences were protective behavior, not flight preparation

288. Next Friend supervision addresses any appearance concerns:

- 125 -

EMERGENCY WRIT OF HABEUS CORPUS

a. Next Friend has successfully ensured her communication with court (despite jail obstruction)

b. Next Friend has pursued every legal remedy

c. Next Friend will ensure she appears at every proceeding

d. Next Friend subject to sanctions if she fails to appear

e. Next Friend has every personal and legal motivation to ensure compliance

289. Electronic monitoring eliminates any residual concern:

a. Real-time GPS tracking

b. Immediate alert if she moves

c. Impossible to flee undetected

d. Combined with her disability, makes flight literally impossible

290. Changed circumstances eliminate cause of past absences:

- 126 -

EMERGENCY WRIT OF HABEUS CORPUS

a. Before: Appeared before abusive state court with no protection

b. Now: Will appear before federal court with oversight

c. Before: Isolated in custody, vulnerable to retaliation

d. Now: Released to Next Friend's protective custody

e. Before: No one believed her allegations

f. Now: Federal petition documents all violations

g. Before: Feared being trapped, tortured, institutionalized

h. Now: Federal court protection prevents retaliation

291. Her strong desire to clear her name outweighs past fear:

a. She wants trial to expose violations

b. She wants justice and accountability

c. She has not been convicted and maintains innocence

d. She wants to testify about torture and fraud

e. She wants officials held accountable

EMERGENCY WRIT OF HABEUS CORPUS

f. Appearance serves her interests - fleeing would prevent justice

292. In sum, past absences based on objectively reasonable fear of proven abuse do not preclude OR release when:

- Defendant cannot physically flee (disability)

- Strong supervision available (Next Friend)

- Monitoring available (electronic)

- Changed circumstances (federal oversight)

- Strong motivation to appear (clear name, expose violations)

All factors present here support OR release despite past fear-based absences.

## XII. ALL CHARGES MUST BE DISMISSED

293. In addition to requiring Mrs. Morrison's immediate release, this Court should declare that all charges against her must be DISMISSED WITH PREJUDICE based on:

### A. Outrageous Government Misconduct - Due Process Violation

294. The Due Process Clause prohibits prosecution when government conduct is so outrageous that it violates fundamental fairness. *United States v. Russell* (1973) 411 U.S. 423.

295. Government conduct here shocks the conscience and includes:

a. Fraudulent incompetency finding (declared incompetent without evaluation)

b. Stolen jury trial (waived without consent while she was muted)

c. Systematic torture (23 hrs/day in cell, shower denial, hygiene deprivation)

d. Evidence destruction (documents seized, bloody underwear taken)

e. Witness tampering (call cut off, phone deactivated, roommate removed)

f. Retaliation for asserting rights (every right assertion punished)

g. Conspiracy between judge, prosecutor, and defense attorney

h. Deliberate denial of effective assistance of counsel

i. Two months without charge notification

j. No proper bail notice

k. Ambush evaluation (fake "eye appointment")

- 129 -

l. Plan to eliminate witness (state hospital transfer)

296. This level of systematic, coordinated misconduct by judicial and executive officials renders any prosecution fundamentally unfair and violates due process.

297. No fair trial is possible when:

a. Judge participated in stealing defendant's jury trial

b. Defense attorney acts in collusion with prosecution/court

c. Defendant fraudulently declared incompetent

d. Defendant subjected to torture to coerce compliance

e. Evidence destroyed by government

f. Witnesses eliminated by government

g. Defendant denied all constitutional protections

### B. Denial of Right to Speedy Trial - Sixth Amendment

298. The Sixth Amendment guarantees right to speedy trial.

- 130 -

299. Mrs. Morrison has been detained 50+ days with:

a. Proceedings "frozen" by fraudulent psych evaluation

b. No trial date set

c. No meaningful progress toward trial

d. Indefinite detention without resolution

e. Plan to transfer to state hospital (further delay)

300. Under *Barker v. Wingo* (1972) 407 U.S. 514, courts consider:

a. Length of delay: 50+ days and counting, indefinite

b. Reason for delay: Government misconduct (fraudulent incompetency)

c. Defendant's assertion of right: Multiple Marsden motions, attempts to move case forward

d. Prejudice: Extreme - torture, evidence destruction, inability to assist defense

301. All factors weigh heavily in favor of dismissal.

EMERGENCY WRIT OF HABEUS CORPUS

302. Delay caused entirely by government misconduct (fraudulent incompetency finding used to freeze case).

303. Mrs. Morrison has asserted her rights repeatedly and been punished each time.

304. Prejudice is extreme and irreparable:

   a. Psychological damage from torture conditions

   b. Evidence destroyed

   c. Witnesses eliminated (roommate removed)

   d. Documents seized

   e. Unable to assist in defense (nearly blind, helper gone, attorney works against her)

   f. Memory degraded by trauma

   g. Unable to prepare defense while tortured

### C. Destruction of Evidence - Due Process Violation

EMERGENCY WRIT OF HABEUS CORPUS

305. Government has duty to preserve evidence. *Arizona v. Youngblood* (1988) 488 U.S. 51; *Brady v. Maryland* (1963) 373 U.S. 83.

306. Government destroyed evidence including:

a. Legal documents seized from her cell (including documents with Next Friend's signature)

b. Bloody underwear (physical evidence of Eighth Amendment violation)

c. Any exculpatory evidence those documents may have contained

d. Evidence of government misconduct

307. This evidence was:

a. Potentially exculpatory (unknown what documents showed because destroyed)

b. Material (showed government misconduct)

c. Destroyed in bad faith (seized same day habeas filing refused, torn sticker shows malice)

d. Irreplaceable (cannot be recovered)

- 133 -

EMERGENCY WRIT OF HABEUS CORPUS

308. When government destroys evidence in bad faith, dismissal is appropriate remedy. *United States v. Chapman* (9th Cir. 1998) 524 F.3d 1073.

309. Mrs. Morrison cannot receive fair trial when government has destroyed unknown quantum of evidence, including evidence of government misconduct.

### D. Denial of Effective Assistance of Counsel - Sixth Amendment

310. The Sixth Amendment guarantees effective assistance of counsel.

311. Mrs. Morrison has been denied ANY effective representation:

a. Attorney Meyer acts in collusion with court against her

b. Attorney ordered retaliatory psych evaluation

c. Attorney abandoned her (no communication, no file production)

d. Attorney waived jury trial without her consent

e. Attorney ignores her Marsden motions

f. Attorney works with judge to deprive her of rights

EMERGENCY WRIT OF HABEUS CORPUS

312. Under *United States v. Cronic* (1984) 466 U.S. 648, prejudice is presumed when:

a. Complete denial of counsel, OR

b. Counsel entirely fails to subject prosecution to adversarial testing

313. Both present here:

a. Attorney Meyer is not functioning as counsel - he's adversary

b. No adversarial process - attorney and court work together against defendant

c. This is complete constructive denial of counsel

314. No remedy can cure this violation:

a. Cannot un-waive jury trial (already waived without consent)

b. Cannot undo torture (psychological damage permanent)

c. Cannot recover destroyed evidence

d. Cannot eliminate taint of fraudulent incompetency finding

e. Cannot restore confidence in fair proceedings after systematic violations

EMERGENCY WRIT OF HABEUS CORPUS

f. Only remedy is dismissal

### E. Vindictive/Selective Prosecution - Equal Protection and Due Process

315. Mrs. Morrison is being prosecuted in retaliation for asserting her rights. *Bordenkircher v. Hayes* (1978) 434 U.S. 357.

316. Evidence of vindictive prosecution:

a. Extreme conditions imposed after she filed complaints

b. Escalating punishment for each right asserted

c. Psych evaluation ordered after bar complaint

d. Torture conditions after habeas filing attempt

e. "Being rude" charge (speech prosecution)

e. Punishment for refusing search (Fourth Amendment prosecution)

f. Pattern shows prosecution is retaliation, not justice

317. Prosecution tainted by retaliation violates due process and equal protection.

EMERGENCY WRIT OF HABEUS CORPUS

### F. Fraud on the Court - Inherent Authority to Dismiss

318. Federal courts have inherent authority to dismiss when prosecution obtained through fraud. *Chambers v. NASCO, Inc.* (1991) 501 U.S. 32.

319. The state court prosecution here is infected with fraud:

   a. Fraudulent incompetency finding - cornerstone of case

   b. False representations to court - claimed she was evaluated when she wasn't

   c. Stolen jury trial - obtained through silencing defendant

   d. Manufactured evidence - attempting evaluation after declaring incompetency

   e. False statements - jail investigation claiming feminine products grievance "untrue" when physical evidence proves otherwise

320. When proceedings are so infected with fraud that no fair trial is possible, dismissal is appropriate.

EMERGENCY WRIT OF HABEUS CORPUS

321. State court is participant in fraud, rendering state proceedings fundamentally unreliable.

### G. Conspiracy to Deprive Civil Rights - Criminal Conduct by Officials

322. State officials have engaged in criminal conspiracy (18 U.S.C. § 241; 42 U.S.C. § 1985) to deprive Mrs. Morrison of constitutional rights.

323. When government officials engage in criminal conspiracy to deny defendant fair trial, prosecution must be dismissed.

324. Cannot have fair prosecution when prosecutors, judge, and defense attorney are engaged in criminal conspiracy against defendant.

### H. Torture - International Law and Jus Cogens

325. Mrs. Morrison has been subjected to torture in violation of:

a. Convention Against Torture (ratified by U.S.)

b. Jus cogens (peremptory international law norms)

c. Universal Declaration of Human Rights

d. International Covenant on Civil and Political Rights

326. Use of torture to obtain compliance or coerce defendant violates fundamental norms.

327. Any prosecution obtained through torture is invalid. *Filartiga v. Pena-Irala* (2d Cir. 1980) 630 F.2d 876.

328. Mrs. Morrison subjected to torture to break her will and force compliance - any prosecution under these circumstances violates international law and fundamental fairness.

### I. Cumulative Effect - Impossible to Cure Violations

329. Even if individual violations could theoretically be cured (they cannot), the cumulative effect renders fair trial impossible:

EMERGENCY WRIT OF HABEUS CORPUS

IRREPARABLE VIOLATIONS:

a. Jury trial already stolen - cannot un-waive

b. Evidence already destroyed - cannot recover

c. Witnesses already eliminated - cannot restore

d. Psychological damage from torture - permanent

e. Taint of fraudulent incompetency - cannot eliminate

f. Attorney-client relationship destroyed - cannot repair

g. Public confidence destroyed - cannot restore

h. Judicial impartiality compromised - judge participated in violations

CONTINUING VIOLATIONS:

i. Still in torture conditions

j. Still denied effective counsel

k. Still fraudulently declared incompetent

l. Still threatened with state hospital transfer

m. Still being retaliated against

EMERGENCY WRIT OF HABEUS CORPUS

n. Still denied all constitutional protections

330. No remedy short of dismissal can cure these violations or provide fair trial:

a. New attorney? - Cannot undo stolen jury trial, destroyed evidence, torture

b. New judge? - Cannot undo fraudulent incompetency finding, stolen jury trial

c. Change of venue? - Cannot undo evidence destruction, torture, witness elimination

d. Continuance? - Cannot cure permanent violations, ongoing retaliation continues

e. Suppression of evidence? - Evidence already destroyed, cannot suppress what's gone

f. Jury instruction? - Cannot instruct jury to ignore systematic torture and fraud

ONLY DISMISSAL:

- Ends ongoing torture (release)

- Acknowledges violations cannot be cured

- Vindicates constitutional rights

- Deters future misconduct

EMERGENCY WRIT OF HABEUS CORPUS

- Restores integrity of judicial system

- Provides only meaningful remedy

### J. Fundamental Fairness - Due Process Requires Dismissal

331. Due process requires fundamentally fair proceedings. *Rochin v. California* (1952) 342 U.S. 165.

332. No fair trial possible when:

- Defendant fraudulently declared incompetent without evaluation

- Fundamental right (jury trial) stolen through silencing defendant

- Defendant subjected to torture

- Evidence destroyed by government

- Witnesses eliminated by government

- Defense attorney works against defendant

- Judge colludes with attorney and prosecution

- Every assertion of rights punished

- 142 -

- Systematic conspiracy to deny all constitutional protections

333. Proceedings so infected with fraud, torture, and official misconduct that only dismissal vindicates due process.

### K. Supervisory Power - Federal Court Authority

334. Federal courts possess supervisory power to dismiss state prosecutions that violate federal constitutional rights, especially when:

a. State remedies unavailable (state court participant in violations)

b. Ongoing federal constitutional violations

c. State officials engaged in criminal conspiracy

d. Torture and systematic abuse

e. Complete breakdown of adversarial process

335. This Court's supervisory power should be exercised to dismiss all charges given:

- Severity of violations

- 143 -

EMERGENCY WRIT OF HABEUS CORPUS

- Involvement of state court in violations

- Impossibility of fair trial

- Need to deter similar misconduct

- Protection of federal constitutional rights

### L. Legal Standards Supporting Dismissal

336. Federal courts have dismissed charges based on government misconduct when:

Outrageous conduct:

- *United States v. Barrera-Moreno* (9th Cir. 1991): Dismissal when government conduct shocks conscience

Speedy trial violation:

- *Doggett v. United States* (1992) 505 U.S. 647: Dismissal for delay with prejudice

Evidence destruction:

- 144 -

- *United States v. Chapman* (9th Cir. 2008): Dismissal for bad faith destruction

Denial of counsel:

- *United States v. Cronic* (1984) 466 U.S. 648: Dismissal when complete denial

Vindictive prosecution:

- *Blackledge v. Perry* (1974) 417 U.S. 21: Dismissal for prosecutorial vindictiveness

Fraud on court:

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* (1944) 322 U.S. 238: Dismissal when fraud

337. ALL of these grounds are present here, with evidence far exceeding the threshold for dismissal in each category.

### M. Double Jeopardy Bars Retrial After Dismissal

338. If this Court dismisses charges based on government misconduct, Double Jeopardy Clause bars retrial. *Oregon v. Kennedy* (1982) 456 U.S. 667.

339. When dismissal results from government misconduct (not defendant's actions), retrial is barred.

340. Here, dismissal would result entirely from:

   - Government fraud (false incompetency finding)

   - Government misconduct (torture, evidence destruction, witness tampering)

   - Government conspiracy (judge, attorney, prosecutors, jail officials)

   - NOT from any action by Mrs. Morrison

341. Therefore, dismissal must be WITH PREJUDICE and bar any retrial.

### N. Conclusion - Dismissal Is Only Adequate Remedy

342. Mrs. Morrison is entitled to:

EMERGENCY WRIT OF HABEUS CORPUS

a. Immediate release (OR or dismissal)

b. Dismissal of all charges with prejudice

c. Bar on retrial (double jeopardy)

d. Declaration that prosecution violated constitution

e. Referral of officials for prosecution

343. Dismissal serves multiple purposes:

- Remedies irreparable violations

- Deters future government misconduct

- Vindicates constitutional rights

- Restores integrity of justice system

- Acknowledges fair trial is impossible

- Ends ongoing torture

- Prevents further harm

344. No lesser remedy is adequate given the severity, pervasiveness, and ongoing nature of constitutional violations.

EMERGENCY WRIT OF HABEUS CORPUS

## XII. DECLARATION UNDER PENALTY OF PERJURY

I, NICHOLAS MORRISON, declare under penalty of perjury under the laws of the United States that:

1. I am the next friend bringing this petition on behalf of GENEVIEVE MORRISON;

2. I am authorized to bring this petition pursuant to valid Power of Attorney and my status as her husband and next friend;

3. I have read the foregoing Petition for Writ of Habeas Corpus;

4. The facts stated in this petition are true of my own personal knowledge except as to those matters stated on information and belief, and as to those matters, I believe them to be true based on:

    a. My communications with Mrs. Morrison before her communications were cut off

    b. My observations during courthouse visit and traffic stops

    c. My review of available documents

    d. My investigation into the circumstances

- 148 -

5. This declaration is made under penalty of perjury under the laws of the United States of America.

6. I bring this petition out of genuine and reasonable fear for Mrs. Morrison's physical safety and psychological wellbeing given the torture-like conditions, systematic rights violations, fraudulent proceedings, and complete isolation she is being subjected to.

Executed on November __, 2025, at _____, California

_____

NICHOLAS MORRISON

Next Friend on behalf of Genevieve Morrison

18659 Pine Street

Tuolumne, CA 95379

(831)325-5951

Nmorrison800@gmail.com

- 149 -

# EXHIBITS

- Exhibit A-1: Certified copy of Power of Attorney

- Exhibit A-2: Declaration signed by Mrs. Morrison authorizing Nicholas Morrison to act

- Exhibit B: Communications to Attorney Avery Meyer showing no responses (emails, letters with dates)

EMERGENCY WRIT OF HABEUS CORPUS

- Exhibit C: Declaration by Nicholas Morrison detailing November 6, 2025 courthouse visit and clerk's refusal to accept petition

- Exhibit D: Traffic stop citations/documentation from November 6, 2025 and subsequent stop showing four-deputy stop, drug dog deployment, "for practice" request, surveillance pattern

- Exhibit E: Detailed timeline of all events from September 22, 2025 to present

- Exhibit F: State Bar complaint confirmation

- Exhibit G: Grievance regarding feminine hygiene products and jail's response

- Exhibit H: Judicial complaint copy

- Exhibit I: Any other supporting documentation

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, I served a true and correct copy of the foregoing

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS (BY NEXT FRIEND**

- 151 -

EMERGENCY WRIT OF HABEUS CORPUS

**NICHOLAS MORRISON ON BEHALF OF GENEVIEVE MORRISON)** on the following parties by [method: certified mail, return receipt requested]:

- Tuolumne County District Attorney

  423 N. Washington Street

  Sonora, CA 95370

- Tuolumne County Sheriff

  12915 Justice Center Drive

  Sonora, CA 95370

- Attorney General of California

  1300 I Streeto

  Sacramento, CA 95814

- Avery Meyer, Chief Conflict Counsel

  99 N. Washington Street

EMERGENCY WRIT OF HABEUS CORPUS

Sonora, CA 95370

Dated: _____

_____

NICHOLAS MORRISON

Next Friend on behalf of Genevieve Morrison

# EXHIBIT A-1

EMERGENCY WRIT OF HABEUS CORPUS

NICHOLAS MORRISON

Next Friend on behalf of Genevieve Morrison

# **<u>EXHIBIT A-1</u>**

EMERGENCY WRIT OF HABEUS CORPUS

# LIMITED POWER OF ATTORNEY

I, **Genevieve Morrison**, currently incarcerated at Tuolumne County Jail, appoint my spouse, **Nicholas Morrison**, as my Attorney-in-Fact.

## 1. Authority Granted

I grant my Attorney-in-Fact limited authority to act on my behalf solely for the following purposes:

- Handling legal matters relating to my current case(s).
- Signing, receiving, and submitting legal documents.
- Communicating with attorneys, courts, or agencies as necessary.
- Medically, both physically and mentally related.

## 2. Duration

This Limited Power of Attorney shall become effective immediately upon execution and shall remain in effect until 12/31/2026, unless revoked earlier in writing.

## 3. Restrictions

This Power of Attorney does not authorize my Attorney-in-Fact to make any decisions outside the scope listed above, financial, or property matters.

## 4. Revocation

I reserve the right to revoke this Power of Attorney at any time by providing written notice.

## 5. Governing Law

This document shall be governed by the laws of the State of California.

Signature of Principal (Wife): _____

Date: 12/10/25

Printed Name: Genevieve Morrison

Witness #1 Signature: _____
Name: _____
Date: _____

Witness #2 Signature: _____
Name: _____
Date: _____

(Notary Acknowledgment if required)

See Attached notary certificate

**CALIFORNIA ACKNOWLEDGMENT**

CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Tuolumne___

On ___October 10, 2025___ before me, ___Crystal Anderson___,
      Date                         *Here Insert Name and Title of the Officer*

personally appeared ___Genevieve Dawn Morrison___
                               *Name(s) of Signer(s)*

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> CRYSTAL ANDERSON
> Notary Public · California
> Tuolumne County
> Commission # 2522175
> My Comm. Expires Jun 30, 2029

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

*Place Notary Seal and/or Stamp Above*          *Signature of Notary Public*

─────────── OPTIONAL ───────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: ___Limited POA___
Document Date: ___October 10, 2025___ Number of Pages: ___2___
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: ___Genevieve Morrison___
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☒ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian or Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian or Conservator
☐ Other: _____
Signer is Representing: _____

©2019 National Notary Association

# SELF-CERTIFICATION OF POWER OF ATTORNEY

(Attorney-in-Fact Verification – California Probate Code §4307)

I, Nicholas Morrison, declare as follows:

1. I am the duly appointed Attorney-in-Fact for Genevieve Morrison, pursuant to a Limited Power of Attorney executed by her on October 8, 2025, duly notarized and attached hereto as Exhibit A.

2. This Power of Attorney remains valid, in full force, and effect, and has not been revoked, suspended, or terminated by the principal or by operation of law.

3. Under the express terms of the Power of Attorney, I am authorized to sign, submit, and receive legal documents, correspond with attorneys, courts, and government agencies, and act on the principal's behalf in matters concerning her physical, mental, and legal welfare.

4. I am executing this certification in accordance with California Probate Code §4307 to affirm my authority to act under said Power of Attorney and to confirm that any copies of the Power of Attorney attached to filings or correspondence are true, correct, and complete copies of the original document.

5. I make this certification to ensure that all communications, filings, and proceedings pertaining to Genevieve Morrison—including petitions, grievances, and motions—are properly recognized as filed by her duly authorized Attorney-in-Fact.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **7** day of _November_ , 2025,

at Tuolumne County, California.

Nicholas Morrison

Attorney-in-Fact for Genevieve Morrison

18659 Pine St.

Tuolumne, CA 95379

(831)325-5951

# EXHIBIT A-2

EMERGENCY WRIT OF HABEUS CORPUS

# Declaration of Genevieve Morrison

I, Genevieve Morrison, declare under penalty of perjury:

1. I am incarcerated at Tuolumne County Jail.

2. I executed the enclosed Limited Power of Attorney appointing my spouse as Attorney-in-Fact.

3. I understand and voluntarily granted this authority for the limited legal matters stated.

4. This POA remains in effect until 12/31/2026 unless revoked in writing.

Executed on (date): October 10, 25

At: Sonora, California

Signature:

# **<u>EXHIBIT B</u>**

EMERGENCY WRIT OF HABEUS CORPUS

October 23, 2025

To:

Attorney Avery Meyer

Tuolumne County Public Defender's Office

99 North Washington Street

Sonora, CA 95370

## Re: Formal Demand — Dereliction of Duty, Misconduct, and Enforcement of Power of Attorney Authority in Representation of Mrs. Genevieve Morrison

Attorney Meyer,

This correspondence constitutes a formal and final demand that you immediately remedy your ongoing neglect of duty, unprofessional behavior, and failure to provide constitutionally competent representation to your client, Mrs. Genevieve Morrison.

Your refusal to act, lack of communication, and failure to file basic and necessary motions—including a Motion to Recuse Judge Laura Krieg and a Motion to Set Bail or Release on Own Recognizance—demonstrate a clear pattern of incompetence and disregard for your client's rights. Such inaction violates Strickland v. Washington (1984) 466 U.S. 668, People v. Marsden (1970) 2 Cal.3d 118, and the California Rules of Professional Conduct, Rules 1.1 (Competence), 1.3 (Diligence), and 1.4 (Communication).

## Authority Under Power of Attorney

I am not a layman. I fully understand my legal authority and your obligations under law. I hold a legally executed Power of Attorney pursuant to California Probate Code §§ 4000–4545, particularly §§ 4121–4128. This grants me full legal authority to act for Mrs. Morrison in all legal and administrative matters, including:

1. Preparing, filing, and managing legal documents on her behalf;
2. Direct communication with you under Evidence Code § 950 et seq.;
3. Receipt and review of discovery, filings, and records under Gov. Code § 6254(b);
4. Demanding effective representation under WIC § 317(b) and Penal Code § 1050; and

5. Initiating formal inquiries or motions under CCP §§ 170.1 and 170.3(c) when counsel's conduct violates due process or ethics.

## Your Conduct Toward Mrs. Morrison

Your last meeting with Mrs. Morrison was ineffective, dismissive, and inappropriate. She reports you provided false legal information, refused to discuss essential filings, and treated her legitimate concerns with irritation and disregard.

Furthermore, your demeanor and mannerisms during that meeting were highly unprofessional and suggestive of improper intent, creating the clear impression that you were attempting to exert personal or sexual pressure on a vulnerable client. That conduct is wholly unacceptable, unethical, and potentially criminal under Penal Code §§ 135 and 136.1 and Government Code § 19572.

Be advised that I will be filing a police report documenting your suggestive behavior and will fully cooperate with any investigation. As her Power of Attorney and husband, I will protect Mrs. Morrison from any and all individuals or organizations that threaten or violate her rights— to the full extent of the law. Any further misconduct or harassment will be met with immediate legal action and formal complaints to the California State Bar, Judicial Council of California, and the U.S. Department of Justice Civil Rights Division, if necessary.

## Failure to Disclose Charges

It remains unacceptable that Mrs. Morrison still does not know the full list of charges she faces. The Tuolumne County Jail refuses to provide that information, and you have failed to do so as well. This violates Penal Code § 859b and the Fourteenth Amendment, as interpreted in In re Newbern (1961) 55 Cal.2d 500. No client can exercise her rights when deliberately kept uninformed of the accusations against her.

## Final Demand and Deadline

You are hereby directed to:

1. File a Motion to Recuse Judge Laura Krieg under CCP § 170.1(a)(6);
2. Provide written proof of that filing (file-stamped copy or clerk's receipt);
3. Deliver a full and accurate accounting of all charges pending against Mrs. Morrison;
4. Provide Mrs. Morrison with a signed letter of apology acknowledging your unprofessional behavior, and a written statement of intent to provide effective, ethical, and diligent counsel going forward; and

5. Complete all of the above no later than 12:00 p.m. (noon) on Friday, October 24, 2025.

Failure to comply will result in my immediate filing of a Notice of Ineffective Counsel and Dereliction of Duty with the Tuolumne County Superior Court—and that will be only the beginning of the full range of Power of Attorney powers I will exercise to safeguard my wife's rights and expose professional misconduct.

**You have until noon Friday** to demonstrate that you intend to fulfill your duties as her attorney.

Respectfully,

/s/ Nicholas Morrison

Power of Attorney for

Mrs. Genevieve Morrison

And Pissed Off Husband

Nicholas Morrison
18659 Pine Street
Tuolumne, CA 95379
(831) 325-5951
nmorrison800@gmail.com


November 7, 2025


Avery Meyer, Chief Conflict Counsel
Tuolumne County Public Defender / Conflict Counsel Office
12855 Justice Center Drive
Sonora, CA 95370


## RE: SECOND NOTICE — NON-RESPONSE TO FORMAL RECORDS REQUEST AND CONTINUED LACK OF COMMUNICATION


**Defendant:** Genevieve Morrison (#0030310)
**Case Nos.:** CRF77053, CRF77929, CRF779472, CRM74325

Dear Mr. Meyer:

On October 27, 2025, I served your office with a formal written demand for the production of all records and materials pertaining to the above-referenced criminal cases, made under the authority of the notarized Limited Power of Attorney executed October 8, 2025. As of today's date, I have received no response, acknowledgment, nor any of the requested records.

This continued silence represents a pattern of non-communication that has persisted throughout Mrs. Morrison's representation. Repeated phone calls, letters, and formal notices have gone unanswered. Your lack of engagement prevents her from understanding her charges, participating meaningfully in her defense, and exercising her constitutional rights to effective counsel and access to the courts (People v. Marsden (1970) 2 Cal.3d 118; Bounds v. Smith (1977) 430 U.S. 817).

**FORMAL NOTICE OF NON-COMPLIANCE**

You were obligated to respond within ten (10) days of receipt of my initial request. Your failure to do so constitutes non-compliance and a potential violation of the California Rules of Professional Conduct Rules 1.3 (Diligence), 1.4 (Communication), and 1.16 (Declining or Terminating Representation).

I again demand production of the following materials within three (3) calendar days of this notice:

All court filings and minute orders in each pending case.

All discovery materials received from the District Attorney's Office.

All correspondence and written communications between you and Mrs. Morrison.

Any internal notes or logs regarding your contact with her.

All records relating to competency, bail, and Marsden proceedings.

Electronic transmission to nmorrison800@gmail.com remains acceptable and preferred.

**NOTICE OF INTENT TO ESCALATE**

If this matter is not addressed immediately, I will file formal complaints with the following entities without further notice:

California State Bar – Office of Chief Trial Counsel

Tuolumne County Grand Jury

California Judicial Council and Presiding Judge of Tuolumne County Superior Court

Such complaints will detail the documented pattern of neglect, misrepresentation, and obstruction of a defendant's access to her own case materials.

Please treat this as your final opportunity to remedy the situation and to re-establish the basic standards of communication and competent representation required under California law.

Respectfully,

Nicholas Morrison
Attorney-in-Fact for Genevieve Morrison

# **EXHIBIT C**

EMERGENCY WRIT OF HABEUS CORPUS

# EXHIBIT D

EMERGENCY WRIT OF HABEUS CORPUS

# EXHIBIT E

EMERGENCY WRIT OF HABEUS CORPUS

# EXHIBIT E

## TIMELINE OF EVENTS

## IN RE GENEVIEVE MORRISON

SEPTEMBER 22, 2025:

- Genevieve Morrison arrested

- Taken to Tuolumne County Jail


SEPTEMBER 22 – October 27, 2025 (APPROXIMATELY 2 MONTHS):

- Mrs. Morrison NOT INFORMED of criminal charges


DATE UNKNOWN - BAIL HEARING(S):

- Mrs. Morrison attended one or more bail hearings

- Never given proper written notice of no-bail status

- Cannot recall which hearing denied bail (inadequate notice)


ON OR ABOUT JULY 1, 2025 - FIRST MARSDEN MOTION:

- Mrs. Morrison attempted to substitute counsel in open court

- Motion ignored or improperly handled


ABOUT JUNE 2025- BAR COMPLAINT:

- GENEVIEVE MORRISON filed complaint with State Bar regarding Attorney Avery Meyer


ON OR ABOUT JULY 1, 2025 - RETALIATORY PSYCH EVAL:

- Attorney Meyer ordered psychological evaluation

- Purportedly froze all proceedings

- Mrs. Morrison remains detained indefinitely

OCTOBER 30, 2025- SECOND MARSDEN MOTION:

- Mrs. Morrison again requested new counsel

- Court delayed hearing for three weeks


OCTOBER 27, 2025 - FILE REQUEST:

- Nicholas Morrison requested complete case file from Meyer

- No response received


ONGOING:

- Multiple communications sent to Meyer - no responses

- Jail repeatedly denied Mrs. Morrison ability to sign legal documents


NOVEMBER 6, 2025 - COORDINATED CONSPIRACY DAY:


APPROXIMATELY 4PM:

- Nicholas Morrison attempted to file habeas petition at Tuolumne County Superior Court

- Clerk supervisor AMY METTLER refused to accept filing

- Stated "only her attorney can file"

- Ignored Power of Attorney explanation


SHORTLY AFTER LEAVING COURTHOUSE:

Unmarked sheriff's vehicle followed Nicholas Morrison

- Vehicle parked and conducted surveillance at Lowe's

- Circled parking lot TWO additional times

- When Nicholas Morrison left, TWO vehicles (marked and unmarked) waiting across street

- Initiated traffic stop

- FOUR Tuolumne County Sheriff's deputies pulled over Nicholas Morrison

- Expired registration tags (same violation from 2024)

- Deputies made multiple attempts to search person (declined)

- Deputies made multiple attempts to search vehicle (declined)

- Drug dog deployed (found nothing)

- Deputy falsely stated "all traffic stops" use drug dogs

- Nicholas Morrison had been stopped in 2024 for same violation - no dog used

- Deputy requested to search his vehicle and person "for practice" (declined)


AFTERNOON (2:00-3:00 PM):

- While Mrs. Morrison visiting son, jail staff raided her cell

- Seized documents including:

  * Her copy of Power of Attorney

  * Pages with Nicholas Morrison's signature

  * Bloody underwear (evidence of denied feminine products)

  * Other legal documents

- Also took: headphones, food, heart-shaped sticker (torn into pieces)

- Replaced thin mattress with thicker one (destroying evidence)

- NO INVENTORY OR RECEIPT provided


EVENING:

- Jail began censoring Mrs. Morrison's communications

- Mrs. Morrison placed in SOLITARY CONFINEMENT


NOVEMBER 7 APPROXIMATELY 9AM:

- Mrs. Morrison called Nicholas Morrison

- Disclosed they seized her copy of POA

- Began describing second document

- Call CUT OFF MID-SENTENCE

- Phone account DEACTIVATED immediately after

On or ABOUT NOVEMBER 1- DISCIPLINARY HEARING:

- Mrs. Morrison ordered to attend hearing for "being rude" to staff

- Mrs. Morrison requested attorney be present

- Request DENIED

- Mrs. Morrison refused to attend without counsel

- Hearing conducted WITHOUT her, WITHOUT counsel

- Found GUILTY of "being rude"

PUNISHMENT IMPOSED:

- Confined to cell 3 days straight

- Only out of cell every other day thereafter for 1½hr

- DENIED SHOWER ACCESS on days confined to cell

- Shower only every other day when permitted out

- Tablet confiscation for one week starting NOVEMBER 16, 2025

ONGOING VIOLATIONS:

- In solitary confinement since SEPTEMBER 22

- Phone deactivated since November 6

- Tablet confiscating November 16

- Denied shower access (days at a time)

- Denied religious services (ONLY inmate denied)

- Denied feminine hygiene products (ongoing despite grievance)

- Nearly legally blind - advocate roommate REMOVED

- Cannot read legal documents without help

- No help available

- In complete isolation

- Video visitation only (face only - cannot document injuries)

CURRENT STATUS (NOVEMBER 12, 2025):

- 45+ days detained

- In solitary confinement

- Torture-like conditions

- Complete communication blackout (starting Nov 16)

- Denied basic hygiene

- Denied religious exercise

- Disability exploited

- Witness (roommate) removed

- Evidence destroyed

- Active retaliation continuing

# EXHIBIT F

EMERGENCY WRIT OF HABEUS CORPUS

10/28/25


Nicholas Morrison

18659 Pine Street

Tuolumne, CA 95379

(831) 325-5951

nmorrison800@gmail.com


To:

California State Bar – Office of Chief Trial Counsel

845 S. Figueroa St

Los Angeles, CA 90017


## FORMAL GRIEVANCE AND REQUEST FOR INVESTIGATION


**Re: Chief Conflict Counsel Avery Myers — Ineffective Representation, Professional Misconduct, and Denial of Defendant's Rights**


Dear Board of Supervisors and Members of the Civil Grand Jury,


I am submitting this formal grievance and request for investigation into the conduct and professional performance of Avery Myers, Chief Conflict Counsel for Tuolumne County, who currently represents my wife, Genevieve Morrison, in ongoing criminal proceedings before the Tuolumne County Superior Court (Department 3, Judge Laura Krieg presiding).


I am Attorney-in-Fact for Mrs. Morrison under a duly executed Power of Attorney, which authorizes me to act in her legal and administrative interests due to her confinement, deteriorating eyesight, and severely restricted access to the court, legal mail, and counsel.

This grievance is submitted under the authority of California Penal Code §§919 & 925, and pursuant to the public accountability duties of the Board of Supervisors and Civil Grand Jury in overseeing the performance, administration, and integrity of county contractors providing indigent defense services.

## I. Basis of Grievance

### 1. Failure to Communicate or Provide Effective Representation

Mr. Myers has consistently failed to maintain meaningful communication with his client, Mrs. Morrison, despite her repeated requests for legal updates and consultation.

She remains uninformed of her complete list of charges, and Mr. Myers has refused to discuss her rights, her bail status, or the next procedural steps in her case.

### 2. Refusal to Act on Client's Lawful and Necessary Requests

Mr. Myers has repeatedly declined to file motions essential to Mrs. Morrison's defense, including:

A Motion to Recuse Judge Laura Krieg for judicial bias and procedural impropriety;

A Motion for Bail Review or Release on Own Recognizance, despite her pretrial detainee status and the absence of lawful justification for ongoing incarceration.

This refusal constitutes ineffective assistance of counsel under Strickland v. Washington (466 U.S. 668, 1984) and a violation of People v. Marsden (2 Cal.3d 118, 1970).

### 3. Improper and Unprofessional Conduct

In the limited interactions Mrs. Morrison has had with Mr. Myers, he has displayed dismissive, condescending, and inappropriate mannerisms inconsistent with the decorum and professional standards expected of a court-appointed attorney.

His demeanor has caused severe distress and has compromised Mrs. Morrison's trust in her appointed counsel.

## 4. Conflict of Interest and Misuse of Authority

As Chief Conflict Counsel, Mr. Myers' inaction and resistance to accountability raise concerns that his office lacks proper oversight or that potential conflicts of interest exist within the court-appointed counsel system in Tuolumne County.

This demands review to ensure that indigent defendants receive constitutionally adequate representation independent of judicial or administrative influence.

## II. Legal and Ethical Basis

- Sixth Amendment (U.S. Constitution) – Right to effective, conflict-free counsel.
- Article I, §15, California Constitution – Right to due process and fair trial.
- California Rules of Professional Conduct –
    - Rule 1.1 (Competence),
    - Rule 1.3 (Diligence),
    - Rule 1.4 (Communication),
    - Rule 8.4 (Professional Misconduct).
- Penal Code §925 – Civil Grand Jury authority to investigate the operations and performance of county officers, including contract counsel.
- Penal Code §919(c) – Grand Jury authority to investigate willful or corrupt misconduct by public officers.

## III. Requested Actions

-I respectfully request that the Board of Supervisors and Civil Grand Jury:

1. Initiate an immediate investigation into the actions and management practices of Chief Conflict Counsel Avery Myers;

2. Review the county's oversight process for indigent defense contracts and ensure compliance with constitutional standards;

3. Direct the Presiding Judge of the Superior Court to assign conflict-free counsel to represent Mrs. Morrison;

4. Issue findings and recommendations to ensure that no other defendants experience similar neglect or bias;

5. Provide written confirmation of receipt of this grievance and the intended course of review

## IV. Supporting Documentation

- Enclosed for reference:
  - o Power of Attorney for Genevieve Morrison;
  - o "Notice to the Court of Counsel's Ineffectiveness and Request for Inquiry into Judicial Impropriety";
  - o Prior correspondence and filings reflecting failures to act or respond.

## V. Certification

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Executed this ____ day of _____, 2025, in Tuolumne County, California.

Nicholas Morrison

Attorney-in-Fact for Genevieve Morrison

# **<u>EXHIBIT G</u>**

EMERGENCY WRIT OF HABEUS CORPUS

# EXHIBIT H

EMERGENCY WRIT OF HABEUS CORPUS

# **<u>EXHIBIT I</u>**

EMERGENCY WRIT OF HABEUS CORPUS

15939

**TUOLUMNE COUNTY SHERIFF'S OFFICE**

NOTICE TO:

☐ APPEAR IN COURT AT ___ ☐ AM ☐ PM ON

OR

☐ RESPOND TO CITATION BEFORE:

DATE: _____

See back for detailed instructions

ACT BY THIS DATE TO AVOID A WARRANT OR ADDED FEES

| Date of Violation (mm/dd/yy) | Time ☐ AM ☐ PM | Driver's License Number (all states) | Class | State |
|---|---|---|---|---|

Name (first, middle, last)

Current Address (no., street, city, state, zip)

| Date of Birth (mm/dd/yy) | Parent/Guardian Phone No. ☐ Juvenile | Commercial ☐ Y ☐ N | Insurance ☐ Y ☐ N |
|---|---|---|---|

| Race / Ethnicity | Sex | Hair | Eyes | Height | Weight |
|---|---|---|---|---|---|

| Vehicle License/VIN | State | Reg (mm/yy) | Year of Veh. | Make |
|---|---|---|---|---|

Registered Owner/Lessee ☐ Same as driver ☐ Owner's responsibility (VC, § 40001) | Model | Body Style

Address (no., street, city, state, zip) ☐ Same as driver | Color

Reason for Stop

**CITATION DETAILS**    ☐ Booking Required (see reverse)

Correctable (Fix-it) | Code/Section | Description

M = Misdemeanor
I = Infraction (circle)

☐ Y ☐ N _____ M I
☐ Y ☐ N _____ M I
☐ Y ☐ N _____ M I
☐ Y ☐ N _____ M I

| Approx. Speed | PF/Max Speed | Veh. Limit | Safe Speed | Radar/Lidar |
|---|---|---|---|---|

☐ Commercial Veh. VC, § 15210(b)

Location of Violation

☐ Hazardous Mat. VC, § 353

City/County of Occurrence

Agency Case No.

Comments (weather, road, traffic conditions)    ☐ Crash

☐ Violations not committed in my presence, declared on information and belief (VC, § 40600)
I declare under penalty of perjury under the laws of the State of CA that the foregoing is true and correct.

DECL. DATE _____ ARRESTING OR CITING OFFICER _____ SERIAL NO.

DECL. DATE _____ ARRESTING OFFICER, (if different from above) _____ SERIAL NO.

**I promise to act by the date at the top of this citation. Signing DOES NOT admit guilt.**

CELLPHONE - OPTIONAL (may be used for reminders)    EMAIL - OPTIONAL (may be used for reminders)

X _____

SIGNATURE

**DEFENDANT COPY | FORM INFO**
Continuation form ☐

Form Adopted for Mandatory Use
Judicial Council of California
TR-130, Traffic/Nontraffic Notice to Appear
[Rev. Jan. 1, 2024]
SEE REVERSE

Vehicle Code, §§40500(b), 40513(b),
40522, 40600; Pen. Code, §853.9

## GRIEVANCE: FALSE ALLEGATIONS & PUNITIVE ACTIONS

**Date**: November 2, 2025_

**Grievant**: Mrs. Genevieve Morrison (#0030310) – Pretrial Detainee

**Filed By:** Nicholas Morrison, Attorney-in-Fact (POA attached)

### SUBJECT:

- False Accusation of Assault and Resulting Punitive Isolation Without Due Process

(Violations of Title 15 §§ 1050, 1053 CCR and Fourteenth Amendment Due Process Clause)

### FACTS:

- On or about October 30, 2025, custody staff alleged that Mrs. Morrison "hit her cellmate."
- The cellmate immediately denied any assault and explained she had an eye infection.
- Jail staff were well aware of the cellmates previously existing eye infection, staff being notified verbally by cellmate, and acknowledged her eye infection with mdelivery of medical supplies.
- Despite this denial and no evidence of misconduct, staff told Mrs. Morrison she was "guilty" and placed her on a restricted status with minimal out-of-cell access and limited showers.
- She has never received a written notice of charges, disciplinary hearing, or appeal as required by Title 15 § 1053.
- This constitutes punitive isolation based on an unsubstantiated accusation in violation of law.

### VIOLATED STANDARDS / LAW:

1. Title 15 § 1053 CCR – Disciplinary Process: Requires written notice, time to prepare, hearing, and appeal before any disciplinary action.

2. Title 15 § 1050 CCR – Classification: Housing and restrictions must be based on objective, non-punitive criteria.

3. Fourteenth Amendment, U.S. Const. – Pretrial detainees may not be punished before conviction.

4. Bell v. Wolfish, 441 U.S. 520 (1979): Restrictions not reasonably related to legitimate security goals constitute punishment.

5. Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004): Conditions equal to or harsher than sentenced inmates are presumed punitive.

6. Mitchell v. Dupnik, 75 F.3d 517 (9th Cir. 1996): Segregating a pretrial detainee for discipline without due process is unconstitutional.

**REQUESTED REMEDY:**

A. Immediate removal of punitive isolation and restoration of regular housing and privileges.
B. Written acknowledgment that no assault occurred and the accusation is unfounded.
C. Removal of any false disciplinary entry from Mrs. Morrison's record.
D. Investigation and written findings by the Jail Commander within 3 business days.
E. Written assurance of no retaliation for this grievance.

---

## DECLARATION OF POA FILING:

I, Nicholas Morrison, am Mrs. Morrison's lawfully designated Attorney-in-Fact under notarized Power of Attorney and submit this grievance on her behalf due to restricted access to forms and legal mail.

---

Signature: _/Nic Jri_____    Date: _11/2/25_____

Nicholas Morrison, Attorney-in-Fact for Mrs. Genevieve Morrison

## GRIEVANCE: INSUFFICIENT OUT-OF-CELL TIME

**Date:** 11/2/25

**Grievant:** Mrs. Genevieve Morrison (#0030310) – Pretrial Detainee

**Filed By:** Nicholas Morrison, Attorney-in-Fact (POA attached)

**SUBJECT:** Failure to Provide Minimum Out-of-Cell Time Required by Title 15 § 1065 CCR

**FACTS:**

- Mrs. Morrison is allowed out of her cell only about 1½ hours every other day, totaling roughly 4½ to 6 hours per week.
- This time includes all exercise, recreation, and shower access.
- She is a pretrial detainee not subject to disciplinary segregation and has no pending safety concern that justifies this restriction.

**VIOLATED STANDARDS / LAW:**

1. I'llTitle 15 § 1065 CCR – Exercise and Recreation: Requires at least 10 hours of out-of-cell time per week (3 hrs exercise + 7 hrs recreation).
2. Fourteenth Amendment Due Process Clause: Pretrial detainees cannot be punished through arbitrary deprivation of movement.
3. Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979): Long-term denial of exercise violates constitutional standards.
4. Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008): Inadequate exercise time for pretrial detainees constitutes unconstitutional punishment.

REQUESTED REMEDY:

A.  Immediate revision of schedule to provide ≥ 10 hours/week out-of-cell time (3 exercise + 7 recreation).

B.  Written schedule and confirmation within 3 business days.

C.  Assurance that time lost to cancellations will be credited back.

D.  No retaliation for this grievance.

## DECLARATION OF POA FILING:

I, Nicholas Morrison, Attorney-in-Fact for Mrs. Morrison, submit this grievance on her behalf due to her restricted access to legal forms, counsel, and legal mail.

Signature: _____   Date: 11/7/25

Nicholas Morrison, Attorney-in-Fact for Mrs. Genevieve Morrison

## GRIEVANCE: INSUFFICIENT OUT-OF-CELL TIME

**Date:** ___11/2/25___

**Grievant:** Mrs. Genevieve Morrison (#0030310) – Pretrial Detainee

**Filed** By: Nicholas Morrison, Attorney-in-Fact (POA attached)

**SUBJECT:** Failure to Provide Minimum Out-of-Cell Time Required by Title 15 § 1065 CCR

**FACTS:**

- Mrs. Morrison is allowed out of her cell only about 1½ hours every other day, totaling roughly 4½ to 6 hours per week.
- This time includes all exercise, recreation, and shower access.
- She is a pretrial detainee not subject to disciplinary segregation and has no pending safety concern that justifies this restriction.

**VIOLATED STANDARDS / LAW:**

1. I'llTitle 15 § 1065 CCR – Exercise and Recreation: Requires at least 10 hours of out-of-cell time per week (3 hrs exercise + 7 hrs recreation).
2. Fourteenth Amendment Due Process Clause: Pretrial detainees cannot be punished through arbitrary deprivation of movement.
3. Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979): Long-term denial of exercise violates constitutional standards.
4. Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008): Inadequate exercise time for pretrial detainees constitutes unconstitutional punishment.

REQUESTED REMEDY:

A. Immediate revision of schedule to provide ≥ 10 hours/week out-of-cell time (3 exercise + 7 recreation).

B. Written schedule and confirmation within 3 business days.

C. Assurance that time lost to cancellations will be credited back.

D. No retaliation for this grievance.

**DECLARATION OF POA FILING:**

I, Nicholas Morrison, Attorney-in-Fact for Mrs. Morrison, submit this grievance on her behalf due to her restricted access to legal forms, counsel, and legal mail.

Signature: _____   Date: 11/17/25

Nicholas Morrison, Attorney-in-Fact for Mrs. Genevieve Morrison

## FORMAL INMATE GRIEVANCE

**Subject**: Retaliatory threat and pattern of punitive padded-cell confinement under false claim of self-harm

**Grievant**: Genevieve Morrison (Pretrial Detainee)

**Filed by**: Nicholas Morrison, Attorney-in-Fact (per notarized Power of Attorney)

**To**: Jail Commander / Internal Affairs / Facility Administration

**Facility**: Tuolumne County Jail

**Date**: November 6, 2025

**Statement of Grievance:**

This grievance is to formally report a continuing pattern of retaliatory and psychologically abusive treatment toward Genevieve Morrison, a pretrial detainee currently housed in Tuolumne County Jail.

On or about November 5, 2025, Mrs. Morrison was threatened with being placed in a padded cell after staff falsely alleged she had stated she wanted to hurt herself. She never made any such statement and there was no legitimate mental-health evaluation or medical basis to support such a claim. This constitutes a knowing fabrication and abuse of authority.

This incident is part of a broader and ongoing pattern: each time Mrs. Morrison has been placed under arrest, she has been immediately housed in a padded cell without cause, denied phone calls, and prevented from communicating with me, her husband and duly appointed Attorney-in-Fact, for extended periods. Such conditions amount to extreme isolation with little to no oversight, violating both her constitutional rights and state regulations.

These actions have directly exacerbated her diagnosed Post-Traumatic Stress Disorder (PTSD), a condition she suffers from daily. The repeated use and even threat of padded-cell confinement have caused her severe emotional distress, panic attacks, and psychological trauma. Staff are aware of her mental-health condition yet continue to disregard her well-being in a manner that constitutes deliberate indifference and cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution.

Further, the use of padded cells in this manner violates California Code of Regulations, Title 15, §§1055 and 1057, which require legitimate mental-health justification, monitoring, and documentation. No such procedures were followed. The conduct described also meets the criteria for a civil rights violation under 42 U.S.C. §1983.

**Requested Relief / Action:**

1. Immediate internal investigation into all staff involved in the false claim and threats of padded-cell placement.

2. Written assurance that padded-cell confinement will not be used or threatened absent documented clinical justification.

3. Release of all related incident reports, mental-health evaluations, and communication logs regarding these occurrences.

4. Accountability and disciplinary review of any staff responsible for retaliatory or abusive conduct.

5. Implementation of policy safeguards ensuring that Mrs. Morrison is allowed regular communication and phone access, even during any mental-health or safety hold, consistent with Title 15 and due process protections.

Nicholas Morrison, Attorney-in-Fact for Genevieve Morrison

Date: 11/6/25

**GRIEVANCE FORM**
**Filed by:** Nicholas Morrison (Power of Attorney for Mrs. Genevieve Morrison, Pretrial Detainee #0031030)
**Date:** October 13, 2025
**Facility:** Tuolumne County Jail
**Subject:** Denial of Attorney Video Visitation Due to Claimed Equipment Failure

**Description of Incident:**
On October 13, 2025, at approximately 7:30 p.m., jail staff refused to allow a scheduled private attorney video visitation between myself, Nicholas Morrison (holding a verified Power of Attorney for Mrs. Genevieve Morrison), and my wife, Mrs. Genevieve Morrison (#0031030).

An unidentified correctional officer on duty stated that the video visitation machine located in the attorney visitation room was "broken" and therefore the visit could not take place. No alternate method was offered, such as rescheduling, phone contact, or use of another functioning device.

This effectively denied Mrs. Morrison's access to counsel and obstructed privileged legal communication. Given the repeated issues with denied access, mail interference, and retaliation in past incidents, this denial raises concerns that the claimed equipment failure may be being used as a pretext to continue blocking legal access.

This conduct violates:
- U.S. Constitution, 6th & 14th Amendments
- California Penal Code § 825 – Right to counsel and reasonable opportunity for private communication
- California Penal Code § 2601(c) – Right to confidential correspondence with legal representatives

**Requested Remedy:**
1. Immediate investigation into the reported malfunction of the attorney visitation video equipment.
2. Written confirmation of whether the equipment was in fact out of service, by whom it was reported, and when it is expected to be repaired.
3. Immediate rescheduling of the denied attorney video visit at the earliest possible time, or provision of an alternate private legal communication method.
4. Written assurance that future legal visits will not be hindered by equipment or staff-related obstructions.
5. Documentation of this incident in facility grievance records and acknowledgment of receipt.

**Filed by:**
Name: Nicholas Morrison
Address: 18659 Pine Street, Tuolumne, CA 95379
Phone: 831-325-5951
Email: nmorrison800@gmail.com
Relationship: Husband / Legal Power of Attorney

Signature: _____ Date: 10/14/25

**Filed on Behalf of:**
Mrs. Genevieve Morrison (#0031030)
Status: Pretrial Detainee

## OFFICIAL GRIEVANCE :

## DENIAL OF RIGHT TO BE PHYSICALLY PRESENT IN COURT

Incident Date: October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison #0031030

## SUMMARY OF VIOLATION

On October 30, 2025, jail staff violated Mrs. Morrison's constitutional right to be physically present at her court hearing, as guaranteed by California Constitution Article I, §15. She did not waive this right. No lawful justification was provided for withholding transport.

## STATEMENT OF FACTS

1. Mrs. Morrison had a scheduled court appearance on October 30, 2025.

2. She was not transported to the courthouse and was instead forced into a remote video appearance without her consent.

3. She did not sign any waiver of her right to personal presence.

4. Article I, §15 guarantees the right to be personally present with counsel.

5. Jail staff's refusal to transport her directly violated that right.

## REQUESTED REMEDY

- Written explanation for failure to transport.

- Guarantee that she will not be denied physical court presence unless she voluntarily waives the right in writing.

- Confirmation this grievance is added to her inmate record.

SIGNATURE: _Nicholas Morrison_ 11/9/25

Nicholas Morrison, Attorney-in-Fact

Date: ___11/9/29___

## OFFICIAL GRIEVANCE :

## SHACKLING INTERFERING WITH COURT ACCESS & LEGAL MATERIALS

Incident Date: October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison

## SUMMARY OF VIOLATION

During the October 30 court appearance (conducted by video), Mrs. Morrison was shackled so restrictively that she could not access her written legal statements, obstructing her ability to participate in the hearing.

## STATEMENT OF FACTS

1. Mrs. Morrison was forced into a video appearance on October 30.

2. Shackling prevented her from moving her hands to read her prepared statements.

3. She could not reference or present her legal documents.

4. This denied her meaningful access to the courts and violated due process.

## REQUESTED REMEDY

- Review of restraint practices.

- Written assurance restraints won't obstruct legal participation.

- Documentation of this grievance in her inmate file.

SIGNATURE

Nicholas Morrison, Attorney-in-Fact

Date:____11/9/29_____

**OFFICIAL GRIEVANCE :**

**DENIAL OF REQUIRED READING-ASSISTANCE DEVICES**

Incident Date: October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison

SUMMARY OF VIOLATION

Jail staff refused to provide Mrs. Morrison with her reading-assistance devices, preventing her from reading legal materials or the video screen.

STATEMENT OF FACTS

1. Mrs. Morrison has a visual impairment.

2. She requires assistance devices such as a magnifier and eyeglass lens.

3. On October 30, these were denied to her.

4. She could not read notes, documents, or the court video.

5. This violated her rights under Article I, §15 and due process.

REQUESTED REMEDY

- Immediate access to reading-assistance devices.

- Confirmation accommodations will be provided.

- Documentation of this violation.

SIGNATURE

Nicholas Morrison   11/9/25

Date:_____11/9/29_____

## OFFICIAL GRIEVANCE :

### FORCED VIDEO-ONLY COURT APPEARANCE (RETALIATORY)

Incident Date: October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison

## SUMMARY OF VIOLATION

On October 30, jail staff forced Mrs. Morrison into a video-only appearance without waiver, following her grievances, suggesting retaliation.

## STATEMENT OF FACTS

1. She had an in-person hearing scheduled.

2. Jail staff refused to transport her.

3. No waiver was signed.

4. Appears retaliatory due to her grievance activity.

## REQUESTED REMEDY

- Explanation for video-only requirement.

- Confirmation retaliation will not continue.

- Guarantee of physical transport unless she waives it.

SIGNATURE

Nicholas Morrison

Date Date:_____11/9/29_____

**<u>OFFICIAL GRIEVANCE</u> :**

**INTERFERENCE WITH PREPARED LEGAL STATEMENTS**

Incident Date: October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison

SUMMARY OF VIOLATION

Jail staff blocked Mrs. Morrison from using her written statements prepared for court.

STATEMENT OF FACTS

1. She prepared statements for the hearing.

2. Staff prevented access to them.

3. Shackling and denial of aids made reading impossible.

4. She was unable to present her legal information.

REQUESTED REMEDY

- Explanation for interference.

- Guarantee she can use materials in future court sessions.

- Documentation of incident.

SIGNATURE

Nicholas Morrison

Date:_____11/9/29_____

## <u>OFFICIAL GRIEVANCE</u> :

### DENIAL OF ADA / VISION-IMPAIRMENT ACCOMMODATIONS

Incident Date: October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison

## SUMMARY OF VIOLATION

Jail staff refused all ADA-required vision accommodations during the court appearance.

## STATEMENT OF FACTS

1. Mrs. Morrison has documented visual impairment.

2. She depends on magnification equipment.

3. On October 30, all aids were denied.

4. No ADA-compliant alternative was provided.

5. Violates federal ADA law and constitutional protections.

## REQUESTED REMEDY

- Immediate ADA accommodations.

- Written explanation.

- Guarantee of ADA compliance in future.

SIGNATURE

Nicholas Morrison   11/9/25

Date:____11/9/29____

## OFFICIAL GRIEVANCE:

## PATTERN OF RETALIATION RELATED TO GRIEVANCES

Incident Date: Ongoing, including October 30, 2025

From:

Nicholas Morrison, Attorney-in-Fact for Inmate Genevieve Morrison

SUMMARY OF VIOLATION

Mrs. Morrison faces escalating retaliation after filing grievances and exercising legal rights.

STATEMENT OF FACTS

1. Numerous grievances have been filed by Mrs. Morrison.

2. Staff have responded with threats, communication restrictions, withholding court access, and ADA denial.

3. The October 30 events continue this pattern.

4. Retaliation violates First Amendment and due-process protections.

REQUESTED REMEDY

- Formal investigation.

- Assurance retaliation will cease.

- Documentation added to her inmate file.

SIGNATURE

Nicholas Morrison    11/9/26

## CALIFORNIA COMMISSION ON JUDICIAL PERFORMANCE
### Formal Complaint Against Hon. Laura L. Krieg

### Complainant Information

Name: Nicholas Morrison
Address: 18659 Pine Street, Tuolumne, CA 95379
Email: nmorrison800@gmail.com

Judge Complained Of: Hon. Laura L. Krieg
Court: Tuolumne County Superior Court, Sonora, California

### Summary of Misconduct

In a criminal case involving Mrs. Genevieve Morrison, Judge Laura L. Krieg failed to clear the courtroom during a Marsden hearing, allowing the proceeding to occur in front of others, and then summarily denied the motion. This deprived Mrs. Morrison of her right to a confidential hearing and effective representation.

### Violations of Judicial Ethics

This conduct violates Canon 2(A) and Canon 3(B)(8) of the California Code of Judicial Ethics, as well as the principles established in People v. Marsden (1970) 2 Cal.3d 118, requiring in-camera hearings for substitution-of-counsel motions.

### Requested Action

I respectfully request that the Commission on Judicial Performance investigate this matter, conduct a full review of the proceedings, and impose appropriate corrective or disciplinary measures.

### Verification

I, Nicholas Morrison, declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Date: _____

Signature: _____
Nicholas Morrison

Mail To:

California Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA 94102

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE

12855 Justice Center Drive, Sonora, CA 95370

(209) 533-5555

## COVER SHEET – NOTICE FOR FILING

(Administrative / Constitutional Concerns – Submitted by Power of Attorney)

Cases: CRF77053 | CRF77929 | CRM74325

Defendant: Genevieve Morrison

Submitted By: Nicholas Morrison, POA for Genevieve Morrison

Date: _10/31/25_

## PURPOSE OF THIS FILING

This document is not a motion and does not seek a court ruling at this time. It is submitted for inclusion in the official case records and for review by the Presiding Judge concerning:

1. Unlawful detention and lack of bail determination since September 22, 2025
2. Procedural and due-process violations surrounding a competency evaluation ordered without personal inquiry or written findings;
3. Possible retaliation following a public Marsden hearing and a pending State-Bar complaint; and
4. Continuing denial of notice and information to the defendant while in custody.

This filing is made to preserve the record, provide formal notice to the court of ongoing constitutional concerns, and request that the Presiding Judge exercise administrative oversight or refer the matter for independent review.

Attached: "Notice of Unlawful Detention, Retaliatory Competency Proceedings, and Demand for Immediate Release" (dated _10/30/25_)

Respectfully submitted,

Nicholas Morrison

Power of Attorney for Genevieve Morrison

18659 Pine St.

Tuolumne, CA 95379

(831) 325-5951 | nmorrison800@gmail.com


Clerk Instructions: Please file this cover sheet and the attached Notice in each of the above-referenced cases and provide a conformed copy to the submitting party

Released filing by Clerk

Nicholas Morrison

18659 Pine Street,

Tuolumne, CA 95379

(831)325-5951

Nmorrison800@gmail.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE**
Criminal Division – Department 3
12855 Justice Center Drive
Sonora, California 95370
(209) 533-5555

| | |
|---|---|
| People of the State of California<br><br>Plaintiff,<br><br>v.<br><br>Genevieve Morrison<br><br>Defendant. | Case No. CRM74325,CRF77929, CRF779472, CRF77053<br><br>**MANDATORY REPORTT OF UNLAWFUL DETENTION, RETALIATORY COMPETENCY PROCEEDINGS AND DEMMAND FOR IMMEDIATE RELIEF**<br>(Submitted Pursuant to Duty to Report) |

**TO THE HONORABLE PRESIDING JUDGE OF THE TUOLUMNE COUNTY SUPERIOR COURT, AND TO ALL INTERESTED PARTIES:**

I, Nicholas Morrison, of 18659 Pine St., Tuolumne, CA 95379, telephone (831) 325-5951, email nmorrison800@gmail.com, hereby submit this Notice as Attorney-in-Fact for Defendant Genevieve Morrison (POA on file) to place on the record observed and documented violations of Mrs. Morrison's constitutional and statutory rights. I file this notice not as counsel but in my capacity and duty as Attorney-in-Fact and advocate for Mrs. Morrison to ensure that the Court is informed of ongoing unlawful conduct and coercive procedures affecting her liberty and due

1

process rights.

## INTRODUCTORY STATEMENT

I, Nicholas Morrison, as Attorney-in-Fact for Defendant Genevieve Morrison, hereby report to this Court observed violations of Mrs. Morrison's constitutional rights. I submit this notice not as legal counsel or as a representative in the criminal proceedings, but in fulfillment of my duty to report constitutional violations and judicial impropriety that have come to my knowledge through my role as Mrs. Morrison's Attorney-in-Fact and through direct communications with her. This notice is submitted to place the Court on record regarding ongoing violations of Mrs. Morrison's constitutional rights to effective assistance of counsel, meaningful access to the courts, protection from retaliatory actions by custodial staff, and the right to an impartial tribunal.

## FACTUAL SUMMARY

1. Mrs. Morrison is presently a pretrial detainee in the custody of the Tuolumne County Jail (Inmate #0030310). She has not been convicted of the charges presently pending in Dept. 3.

2. Since at least September 15 and continuing through the present, Mrs. Morrison has been subjected to repeated retaliatory conduct by jail staff (including, but not limited to, Deputies Martinez, Pitts, and Roberts), which includes abusive language, pejorative slurs referencing her disability, denial and/or interference with delivery of legal documents, repeated and unexplained isolation/segregation, and threats or acts of punishment tied to her or my lawful filings of grievances. Such conduct is documented in prior grievances and correspondence filed with the

2

Jail Commander and other officials.

3. Mrs. Morrison's access to counsel and to the court has been materially impaired: communication with defense counsel has been minimal or nonexistent at times, counsel has failed to meaningfully consult with Mrs. Morrison, and there is reason to believe counsel has not acted to protect her rights or to pursue necessary motions (including motions related to judicial recusal and bail).

4. There have been repeated procedural irregularities in both juvenile and criminal proceedings, including ex parte contacts and dispositional actions taken without proper notice or opportunity for meaningful participation by Mrs. Morrison or her counsel (or by me acting under valid POA to secure her rights). These irregularities have compromised the fairness of proceedings and risk infringing Mrs. Morrison's liberty without due process.

5. I have previously submitted grievances, notices, and other filings documenting these matters and attach those documents as exhibits to this Notice. I have also provided the Court and relevant agencies with a valid Power of Attorney and a signed Declaration of Authority demonstrating my legal standing to act on Mrs. Morrison's behalf. (Exhibits identified below.)

**LEGAL BASIS**

The conduct described above constitutes interference with Mrs. Morrison's due process rights protected by the United States Constitution and the California Constitution; retaliation for

3

the exercise of protected legal rights (including filing grievances and seeking counsel); denial of meaningful access to counsel and the courts; and other constitutional and statutory violations requiring immediate remedial action by the Court.

**RELIEF DEMANDED**

Pursuant to the foregoing, and to prevent further irreparable harm to Mrs. Morrison and to the integrity of these proceedings, I respectfully demand all of the following immediate relief:

1. Immediate review and release from unlawful detention where detention is found to be the product of retaliatory practices, lack of due process, or proceedings conducted without appropriate notice and opportunity to be heard; or, at minimum, an immediate hearing (closed court at the Court's discretion) to determine the lawfulness of Mrs. Morrison's continued detention and whether the alleged retaliatory actions have tainted the ongoing competency/commitment or other proceedings.

2. An order directing the Sheriff/Jail Commander to cease all retaliatory conduct against Mrs. Morrison, to preserve all video and audio recordings for the period beginning September 15, 2025 through the date of this notice, and to provide immediate access to Mrs. Morrison of all legal mail, legal paperwork, and communication with counsel.

3. An order directing defense counsel (and/or appointment of independent counsel if counsel fails to act) to immediately meet with Mrs. Morrison, provide full disclosure of all charges, filings, and case status, and to advise the Court on any conflicts of interest or failures to provide effective representation.

4. An order that the Court examine any ex parte communications that may have occurred regarding these matters and that the Court provide remedial measures where judicial impropriety is found — including but not limited to recusal, reassignment, or other corrective relief.

5. Sanctions or other appropriate remedies against any party, counsel, or custodial staff found to have engaged in retaliatory or obstructive conduct that undermines Mrs. Morrison's right of access to counsel and to the courts.

6. Preservation order directed to all relevant custodial, prosecutorial, and court personnel to preserve all records, logs, video/audio recordings, disciplinary write-ups, grievance responses, and any other materials relevant to the allegations in this notice.

7. Expedited setting of any and all necessary hearings to address the foregoing.

**EXHIBITS**

Exhibit A: Power of Attorney (Attorney-in-Fact) — Genevieve Morrison → Nicholas Morrison.

Exhibit B: Notary and supporting notarized documents for the POA.

Exhibit C: Declaration of Mrs. Morrison (signed) ~~describing recent incidents, retaliation, and denial of access~~s.

Exhibit D: Copies of grievances filed with the jail and other oversight bodies (dates & tracking info).

5

Exhibit E: Chronology of events and prior filings relevant to unlawful detention and interference with counsel.

**NOTICE REGARDING COURT SETTING**

This filing is submitted to the Court and parties with the request that any hearing on this matter be conducted in closed court (not in chambers) given the sensitive nature of the allegations and the safety concerns expressed herein. If the Court is unable to hold closed proceedings, the undersigned requests in the alternative that any hearing be held ex parte only to the extent necessary to preserve evidence and immediate liberty interests, with subsequent notice and opportunity consistent with due process.

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10/31/25

Respectfully submitted,

/s/ _____

Nicholas Morrison

Attorney-in-Fact for Genevieve Morrison

18659 Pine St.

6

Tuolumne, CA 95379

(831) 325-5951

nmorrison800@gmail.com

| Facility: DDC | **Public - News Release** | 09/23/2025 07:37 |
|---|---|---|
| | | Levey 1783 |
| Facility: DDC | | |

---

| Count: 1 | Type: F \| Statute: PC | Section: 30305(A)(1) | Status: |
|---|---|---|---|

**Description:** PROHIB OWN/ETC AMMO/ETC

---

| Name: MORRISON, GENEVIEVE DAWN | DOB: 04/01/1990 | Sex: F \| Age: 35 | Race: W |
|---|---|---|---|
| Address: TUOLUMNE CA 95379 | Inmate number: 0031030 | Characteristics: F / BRO / HAZ / 5-2 / 145 | |

**Arrest location:** IN CUSTODY AT DDC    *Incorrect, In courtroom 2, Juvenile Dependency*    Arrest: 09/22/2025 13:45

| Agency: TCSO | Case type: WARRANT | Bail: $30,000.00 |
|---|---|---|

| Warrant number: CRF77929 | Warrant type: ARREST | Warrant jurisdiction: TUOLUMNE COUNTY SUPERIOR COURT |
|---|---|---|

**Warrant description:** 1320.5 PC

| Count: 1 | Type: F \| Statute: PC | Section: 1320.5 | Status: |
|---|---|---|---|

**Description:** FTA ON FELONY CHARGE

---

| Name: OLBERG, ROLLIN ETHAN | DOB: 10/22/1979 | Sex: M \| Age: 45 | Race: W |
|---|---|---|---|
| Address: JAMESTOWN CA 95327 | Inmate number: 0002581 | Characteristics: M / BRO / GRN / 5-10 / 200 | |

| Arrest location: SR-49 X FRAGUERO ROAD | | Arrest: 09/22/2025 22:41 |
|---|---|---|
| Agency: CHP | Case type: FRESH | Bail: $5,000.00 |

| Count: 1 | Type: M \| Statute: HS | Section: 11377(A) | Status: |
|---|---|---|---|

**Description:** POSSESS CNTL SUB

---

| Name: SANCHEZTERRAZA, DANIEL | DOB: 03/06/1977 | Sex: M \| Age: 48 | Race: H |
|---|---|---|---|
| Address: Sonora CA 95370 | Inmate number: 0031930 | Characteristics: M / BLK / BRO / 5-8 / 252 | |

| Arrest location: IN CUSTODY AT DDC | | Arrest: 09/22/2025 13:30 |
|---|---|---|
| Agency: TCSO | Case type: WARRANT | Bail: $40,000.00 |

# TUOLUMNE COUNTY JAIL - DAMBACHER DETENTION CENTER

| Facility: DDC | **Public - News Release** | 09/23/2025 07:37 |
| --- | --- | --- |
| | | Levey 1783 |
| Facility: DDC | | |

---

**Name:** BOLLINGER, HARRY FRANKLIN | **DOB:** 06/01/1973 | **Sex:** M | **Age:** 52 | **Race:** W

**Address:** SONORA CA | **Inmate number:** 0018252 | **Characteristics:** M / BRO / HAZ / 5-9 / 190

**Arrest location:** ITALIAN BAR RD/ CATTLEDRIVE TR | **Arrest:** 09/22/2025 08:58

**Agency:** TCSO | **Case type:** WARRANT | **Bail:** $20,000.00

**Warrant number:** CRM75766 | **Warrant type:** BENCH | **Warrant jurisdiction:** TUOLUMNE COUNTY SUPERIOR COURT

**Warrant description:** 11350 HS/11364 HS/FTAX5

| **Count:** 1 | **Type:** M | **Statute:** HS | **Section:** 11350(B) | **Status:** |

**Description:** POSSESS MECLOQUALONE/ETC

| **Count:** 1 | **Type:** M | **Statute:** HS | **Section:** 11364 | **Status:** |

**Description:** POSSESS CONTROLLED SUBSTANCE PARAPHERNALIA

| **Count:** 5 | **Type:** M | **Statute:** PC | **Section:** 1320(A) | **Status:** |

**Description:** FTA:MISDEMEANOR CHARGE

---

**Name:** GIPEPEREZ, CHRISTOPHER LEE | **DOB:** 01/30/1986 | **Sex:** M | **Age:** 39 | **Race:** W

**Address:** SAN JUAN BAUTISTA CA 95045 | **Inmate number:** 0032046 | **Characteristics:** M / BRO / BRO / 6-4 / 265

**Arrest location:** SELF SURRENDER TO DDC LOBBY | **Arrest:** 09/22/2025 08:55

**Agency:** TCSO | **Case type:** WARRANT | **Bail:** $20,000.00

**Warrant number:** CRM77853 | **Warrant type:** ARREST | **Warrant jurisdiction:** TUOLUMNE COUNTY SUPERIOR COURT

**Warrant description:** 23152(B) VC/23152 (A) VC

| **Count:** 1 | **Type:** M | **Statute:** VC | **Section:** 23152(A) | **Status:** |

**Description:** DUI ALCOHOL

| **Count:** 1 | **Type:** M | **Statute:** VC | **Section:** 23152(B) | **Status:** |

**Description:** DUI ALCOHOL/0.08 PERCENT

---

**Name:** HIX, DIANA TRACY | **DOB:** 08/26/1969 | **Sex:** F | **Age:** 56 | **Race:** W

**Address:** PINE GROVE CA 95665 | **Inmate number:** 0004260 | **Characteristics:** F / BLN / BLU / 4-11 / 120

**Arrest location:** REMANDED FROM DEPT 4 | **Arrest:** 09/22/2025 14:05

**Agency:** TCSO | **Case type:** REMAND | **Bail:** NO BAIL

| **Count:** 1 | **Type:** F | **Statute:** PC | **Section:** 30305(A)(1) | **Status:** |

**Description:** PROHIB OWN/ETC AMMO/ETC

**Arrest location:** REMANDED FROM DEPT 4 | **Arrest:** 09/22/2025 14:05

**Agency:** TCSO | **Case type:** REMAND | **Bail:** NO BAIL

---

| Facility: DDC | **Public - News Release** | 09/23/2025 07:37 |
|---|---|---|
| | | Levey 1783 |
| Facility: DDC | | |

---

**Warrant number**: CRF77954     **Warrant type**: ARREST     **Warrant jurisdiction**: TUOLUMNE COUNTY SUPERIOR COURT

**Warrant description**: 136.1 (B) (2) PC X 2 664/166(A) (4) PC X 2

| Count: 1 | Type: F \| Statute: PC | Section: 136.1(B)(2) | Status: |
|---|---|---|---|

**Description**: ATT STOP VIC/ETC:PROSCUTE

| Count: 1 | Type: F \| Statute: PC | Section: 136.1(B)(2) | Status: |
|---|---|---|---|

**Description**: ATT STOP VIC/ETC:PROSCUTE

| Count: 1 | Type: F \| Statute: PC | Section: 664 | Status: |
|---|---|---|---|

**Description**: ATTEMPTED

| Count: 1 | Type: M \| Statute: PC | Section: 166(A)(4) | Status: |
|---|---|---|---|

**Description**: CONTEMPT:DISOBEY CRT ORDR

| Count: 1 | Type: F \| Statute: PC | Section: 664 | Status: |
|---|---|---|---|

**Description**: ATTEMPTED

| Count: 1 | Type: M \| Statute: PC | Section: 166(A)(4) | Status: |
|---|---|---|---|

**Description**: CONTEMPT:DISOBEY CRT ORDR

---

**Name**: SIGALA, AMY DANIELLE     **DOB**: 10/03/1986     **Sex**: F \| **Age**: 38     **Race**: O

**Address**: JAMESTOWN CA 95327     **Inmate number**: 0023952     **Characteristics**: F / BRO / BRO / 5-8 / 150

**Arrest location**: 10760 WIGWAM RD          **Arrest**: 09/22/2025 17:43

| Agency: TCSO | Case type: FRESH | Bail: $5,000.00 |
|---|---|---|

| Count: 1 | Type: M \| Statute: PC | Section: 243(E)(1) | Status: |
|---|---|---|---|

**Description**: BAT:SPOUSE/EX SP/DATE/ETC

---

**Total inmates: 7**          **Total bookings:8**

FILED

OCT 27 2025

Superior Court of California
County of Tuolumne
by Elizabeth Marque, Clerk

Nicholas Morrison

18659 Pine Street,

Tuolumne, CA 95379

(831)325-5951

Nmorrison800@gmail.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE**
Criminal Division – Department 3
12855 Justice Center Drive
Sonora, California 95370
(209) 533-5555

| People of the State of California | Case No. CRF 77053, CRF 77929, CRF 779473, CRM 74325 |
|---|---|
| Plaintiff, | |
| v. | **MANDATORY REPORT OF CONSTITUTIONAL VIOLATIONS AND JUDICIAL IMPROPRIETY** |
| Genevieve Morrison | (Submitted Pursuant to Duty to Report) |
| Defendant. | |

**TO THE HONORABLE PRESIDING JUDGE OF THE TUOLUMNE COUNTY SUPERIOR COURT, AND TO ALL INTERESTED PARTIES:**

I, Nicholas Morrison, as Attorney-in-Fact for Defendant Genevieve Morrison, hereby report to this Court observed violations of Mrs. Morrison's constitutional rights. I submit this notice not as legal counsel or as a representative in the criminal proceedings, but in fulfillment of my duty to report constitutional violations and judicial impropriety that have come to my knowledge through my role as Mrs. Morrison's Attorney-in-Fact and through direct communications with her. This notice is submitted to place the Court on record regarding ongoing violations of Mrs. Morrison's constitutional rights to effective

1

assistance of counsel, meaningful access to the courts, and an impartial tribunal.

## I. BACKGROUND

**1. Mrs. Morrison is a pre-trial detainee** currently held without bail at the Tuolumne County Jail.

**2.** Her appointed counsel, Chief Conflict Counsel Avery Meyer, has failed and refused to maintain adequate communication, provide updates, or act upon direct client instructions.

**3.** Despite repeated requests that counsel file a motion to recuse or disqualify Judge Laura Krieg, counsel has declined to act or even discuss the issue with Mrs. Morrison or her representative.

**4.** The prior Marsden motion was conducted in open court before Judge Krieg, with other individuals present, in violation of

confidentiality requirements established by People v. Marsden (1970) 2 Cal.3d 118.

**5.** During that proceeding and subsequent appearances, Judge Krieg displayed conduct and mannerisms suggesting bias, dismissiveness, and prejudgment toward Mrs. Morrison and her defense.

**6.** Mrs. Morrison's repeated attempts to communicate with counsel and to raise these concerns have been ignored or met with hostility, effectively denying her the right to participate meaningfully in herbown defense.

**7.** Mrs. Morrison is being held without bail as a pretrial detainee, which constitutes punitive detention in violation of the Fourteenth Amendment's Due Process Clause and California

2

constitutional protections against excessive bail.

8. Tuolumne County Jail staff have barred Mrs. Morrison from accessing the law library, denying her the ability to research her case or prepare her defense.

9. Jail staff have also refused to deliver legal mail to Mrs. Morrison, further obstructing her access to the courts and her ability to communicate regarding her legal representation and defense.

10. Mrs. Morrison was held in a padded cell completely nude for sevenb(7) days. For the first seventy (70) hours of this confinement, she was provided with no food and no water whatsoever, forcing her to eat her paper identification badge to survive extreme hunger. This treatment constitutes torture and deliberate indifference rising to the level of attempted harm.

11. Mrs. Morrison has suffered systematic retaliation from jail staff for

- Filing grievances, including: continued isolation from other inmates;

- Being the only inmate denied tablet access;

- denial of communication with me as her Attorney-in-Fact; and

- false disciplinary write-ups.

12. Jail staff have denied all of Mrs. Morrison's medical requests, Including: dental care for a broken tooth; OB/GYN care; and vision care, despite her being nearly legally blind and unable to distinguish faces.

3

**13.** After approximately 10:00 PM, three deputies conducted an off camera interrogation in which they positioned Mrs. Morrison in front of a camera while remaining out of camera view themselves, informed her there is no appeal process for isolation, and attempted to coerce her into signing a document falsely stating she had refused medical care by threatening further isolation and "possibly worse."

**14.** Deputies have repeatedly called Mrs. Morrison "retarded," mocked her limited vision and disability, used aliases or false names, and Refused to identify themselves when asked.

**15.** These conditions constitute deliberate indifference to serious Medical needs, disability discrimination, retaliation for exercising Constitutional rights, torture, and potentially criminal conduct Including coercion, falsification of records, and deprivation of rights Under color of law.

## II. LEGAL BASIS

**16.** The Sixth Amendment to the U.S. Constitution and Article I, Section 15 of the California Constitution guarantee every defendant the right To effective, conflict-free counsel

17. When appointed counsel refuses to communicate or act on Necessary motions, the Court has an affirmative duty to inquire into Possible ineffective assistance (People v. Marsden, supra; Strickland v. Washington, 466 U.S. 668 (1984)).

4

18. The Code of Civil Procedure §170.1(a)(6)(A)(iii) further provides that a judge must be disqualified when their actions or demeanor create a reasonable appearance of bias or prejudice.

19. Conducting a Marsden hearing publicly, coupled with the refusal of counsel to act on the defendant's behalf, constitutes a substantial violation of due process and undermines public confidence in the integrity of the judicial process.

20. The Eighth Amendment to the U.S. Constitution and Article I, Section 12 of the California Constitution prohibit excessive bail. Pretrial detention must be regulatory, not punitive (Bell v. Wolfish, 441 U.S. 520 (1979); United States v. Salerno, 481 U.S. 739 (1987)).

21. Detention without bail or without individualized findings that no conditions of release would reasonably assure public safety or appearance at trial violates due process and constitutes punitive pretrial punishment (In re Humphrey (2021) 11 Cal.5th 135).

22. The First and Fourteenth Amendments guarantee pretrial detainees meaningful access to the courts, which includes access to law library facilities and legal materials (Bounds v. Smith, 430 U.S. 817 (1977); Lewis v. Casey, 518 U.S. 343 (1996)).

23. Denial of access to the law library, particularly when coupled with ineffective assistance of counsel, constitutes a denial of meaningfulccess to the courts in violation of due process.

5

24. Jail officials' refusal to deliver legal mail violates both the First Amendment right to petition the courts and California Penal Code §2600, which protects confidential communications between inmates and their attorneys and courts.

25. The systematic denial of law library access and legal mail delivery combined with ineffective counsel, effectively renders Mrs. Morrison unable to defend herself or participate in her own defense, in violation of fundamental due process.

26. Depriving a human being of all food and water for seventy (70) Hours constitutes torture under both domestic and international law, including the Eighth Amendment's prohibition against cruel and unusual punishment and the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

27. Forcing Mrs. Morrison to remain nude in a padded cell for seven days, combined with the deprivation of food and water, constitutes deliberate infliction of severe physical and psychological suffering that shocks the conscience and violates the most basic standards of human decency (Hope v. Pelzer, 536 U.S. 730 (2002)).

28. The Eighth Amendment prohibits deliberate indifference to serious medical needs of prisoners and pretrial detainees (Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994)).

29. Denial of dental care for a broken tooth, vision care for a nearly blind

6

individual, and OB/GYN care constitutes deliberate indifference to serious medical needs and violates the Eighth Amendment's prohibition against cruel and unusual punishment.

30. The Americans with Disabilities Act (42 U.S.C. §12132) and California Government Code §11135 prohibit discrimination against individuals with disabilities in public facilities, including jails.

31. Mocking Mrs. Morrison's visual impairment, calling her "retarded," and failing to provide reasonable accommodations for her disability violates federal and state disability discrimination laws.

32. The First Amendment protects the right to file grievances without retaliation. Punishing an inmate through isolation, denial of privileges, and other adverse actions for filing grievances violates clearly established constitutional rights (Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005)).

33. Coercing an inmate to sign false documents by threats of further punishment constitutes a violation of due process and may constitute criminal conduct under 18 U.S.C. §242 (deprivation of rights under color of law) and California Penal Code §118.1 (falsification of records).

34. Conducting off-camera interrogations designed to avoid documentation, using aliases or refusing to identify themselves, and threatening vulnerable detainees demonstrates a pattern of conduct designed to evade accountability and violates basic due

7

process protections.

35. The conduct described herein may constitute criminal offenses including: assault and battery under color of authority (California Penal Code §149); torture (California Penal Code §206); deprivation of rights under color of law (18 U.S.C. §242); and conspiracy against nights (18 U.S.C. §241).

36. The cumulative effect of these violations—denial of counsel, denial of court access, punitive detention, torture through starvation and forced nudity, medical neglect, disability discrimination, and systematic retaliation—constitutes a complete deprivation of Mrs. Morrison's constitutional rights and human dignity.

## III. REQUEST FOR RELIEF

37. I hereby report these violations and respectfully request that the Presiding Judge:

a.  . Initiate an independent inquiry into the conduct of both appointed counsel and Judge Laura Krieg;

b.  Determine whether Mrs. Morrison's Sixth Amendment rights have been compromised;

c.  Assign conflict-free counsel or refer the matter to the Public Defender's Supervising Attorney for immediate review and reassignment;

d.  Ensure all further Marsden or judicial recusal proceedings are conducted in camera and with confidentiality preserved, as required by law;

e.  . Review the legality of Mrs. Morrison's continued detention without bail and ensure that any pretrial detention is based on individualized findings and the least restrictive means necessary to ensure public safety and court appearance;

f.  . Order the Tuolumne County Jail to immediately provide Mrs. Morrison with access to the law library and legal materials as required by law;

g. Order the Tuolumne County Jail to immediately cease Interference with Mrs. Morrison's legal mail and ensure all legal correspondence is promptly delivered in accordance with California Penal Code §2600 and constitutional protections;

h. Order immediate medical and dental evaluation and treatment for Mrs. Morrison, including dental care for her roll broken tooth, vision care for her visual impairment, and OB/GYN care as medically necessary;

i.  Order an immediate end to Mrs. Morrison's isolation store  all privileges, including tablet access and Communication with her Attorney-in-Fact;

j. Order an independent investigation into the conduct of jail staff, including the late-night coercive interrogation, use of aliases, refusal to identify themselves, disability-based harassment, retaliation for filing grievances, and attempted falsification of medical records;

k. Refer the matter to appropriate law enforcement agencies for investigation of potential criminal conduct under 18 U.S.C. §242 (deprivation of rights under color of law), 18 U.S.C. §241 (conspiracy against rights), California Penal Code §118.1 (falsification of records), California Penal Code §149 (assault under color of authority), and California Penal Code§206 (torture);l. Order the Sheriff's Office to ensure all interactions with Mrs. Morrison are properly documented, that deputies identify themselves, and that video surveillance systems are functioning and preserving recordings of all interactions;

9

m. Order reasonable accommodations for Mrs. Morrison's visual disability in accordance with the Americans with Disabilities Act and California law;

n. Consider immediate release or transfer to a different facility given the severity of the constitutional violations and the ongoing risk of further harm to Mrs. Morrison while in the custody of Tuolumne County Jail;

o. Refer this matter to the California Attorney General, the U.S. Department of Justice Civil Rights Division, and the FBI for investigation of torture, civil rights violations, and potential criminal conduct by jail officials.

**IV. DECLARATION**

I, Nicholas Morrison, declare under penalty of perjury under the laws of the State of California that I am the Attorney-in-Fact for Genevieve Morrison under a duly executed Power of Attorney. I submit this report notas legal counsel or representative in the criminal proceedings, but in fulfillment of my duty to report observed constitutional violations and judicial impropriety. The foregoing is true and correct to the best of my knowledge and belief, based on personal observation, documented correspondence, direct communications with Mrs. Morrison, and information provided to me n my capacity as her Attorney-in-Fact.

Executed this 27 day of October , 2025, in Tuolumne County, California.

Nicholas Morrison

Attorney-in-Fact for

10

Genevieve Morrison

18659 Pine Street

Tuolumne, CA 95379

(831) 325-5951

nmorrison800@gmail.com

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF TUOLUMNE**
12855 Justice Center Drive
Sonora, California 95370

SACRAMENTO CA 95

7 NOV 2025 PM 3 L

JS POSTAGE ᴵᴹ ᴾITNEY BOWES

ZIP 95370
02 4W
0000376962 NOV 06 2025

$ 001.03⁰

Nicholas Morrison
18659 Pine St.
Tuolumne, Ca.
95379

95379-961259

Nicholas Morrison

18659 Pine Street,

Tuolumne, CA 95379

(831)325-5951

Nmorrison800@gmail.com

October 30, 2025

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE**
Juvenile Dependency Dept 2
12855 Justice Center Drive
Sonora, California 95370
(209) 533-5555

Tuolumne County CWS

                    Plaintiff,

        v.

Nicholas Morrison

                    Defendant.

**Case No.** JV8455, JV8456, JV8457,JV4588, JV8459

**NOTICE OF FILING POWER OF ATTORNEY AND DECLARATION OF AUTHORITY**



**NOTICE OF FILING POWER OF ATTORNEY AND DECLARATION OF AUTHORITY**

I, Nicholas Morrison, of 18659 Pine St., Tuolumne, CA 95379, hereby notify this Court that a Limited Power of Attorney was executed by Genevieve Morrison on October 8, 2025, authorizing me to act as her Attorney-in-Fact for the following limited purposes:

1.  Signing, receiving, and submitting legal documents and correspondence;

1

NOTICE OF FILING POWER OF ATTORNEY AND DECLARATION OF AUTHORITY

2. Communicating with attorneys, courts, and governmental or medical agencies as necessary; and

3. Taking reasonable administrative actions to protect her legal and medical (physical and mental) interests.

Attached hereto are true and correct copies of the documents establishing and verifying said Power of Attorney as follows:

Exhibit A: Limited Power of Attorney executed October 8, 2025;

Exhibit B: Notarial Acknowledgment of same; and

Exhibit C: Declaration of Genevieve Morrison confirming voluntary execution and intent.

This Notice is submitted to formally place these documents on the Court record and to respectfully request that the Court acknowledge and recognize said Power of Attorney as duly filed and valid for all related criminal proceedings involving Mrs. Morrison.

Date: 10/31/25

NOTICE OF FILING POWER OF ATTORNEY AND DECLARATION OF AUTHORITY

Nicholas Morrison

Attorney-in-Fact for Genevieve Morrison

18659 Pine St.  Tuolumne, CA 95379

(831) 325-5951    nmorrison800@gmail.com

Exhibit List

    A.  Limited Power of Attorney (10/08/2025)

    B.  Notarial Acknowledgment

    C.  Declaration of Genevieve Morrison

STRICKEN

3

NOTICE OF FILING POWER OF ATTORNEY  AND DECLARATION OF AUTHORITY

# Exhibit: A

STRICKEN

# LIMITED POWER OF ATTORNEY

**Morrison**, as my Attorney-in-Fact.

## 1. Authority Granted

I grant my Attorney-in-Fact limited authority to act on my behalf solely for the following purposes:

- Signing, receiving, and submitting legal documents.
- Communicating with attorneys, courts, or agencies as necessary.
- Medically, both physically and mentally related.

This Limited Power of Attorney shall become effective immediately upon execution and shall remain in effect until 12/31/2026, unless revoked earlier in writing.

## 3. Restrictions

This Power of Attorney does not authorize my Attorney-in-Fact to make any decisions outside the scope

## 4. Revocation

I reserve the right to revoke this Power of Attorney at any time by providing written notice.

## 5. Governing Law

This document shall be governed by the laws of the State of California.

Signature of Principal (Wife): _____

Date: 12/10/25

Printed Name: Genevieve Morrison

Witness #1 Signature: _____
Name: _____
Date: _____

Name: _____
Date: _____

(Notary Acknowledgment if required)

See attached notary certificate



# Exhibit: B

STRICKEN

## CALIFORNIA ACKNOWLEDGMENT

CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of ___Tuolumne___ }

On ___October 10, 2025___ before me, ___Crystal Anderson___,
      *Date*                                        *Here Insert Name and Title of the Officer*

personally appeared ___Genevieve Dawn Mowison___
                                           *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
*Place Notary Seal and/or Stamp Above*               *Signature of Notary Public*

CRYSTAL ANDERSON
Notary Public - California
Tuolumne County
Commission # 2522175
My Comm. Expires Jun 30, 2029

---

— OPTIONAL —

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: ___Limited POA___

Document Date: ___October 10, 2025___     Number of Pages: ___2___

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: ___Genevieve Mowison___     Signer's Name: _____
☐ Corporate Officer – Title(s): _____     ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General     ☐ Partner – ☐ Limited ☐ General
☒ Individual    ☐ Attorney in Fact     ☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator     ☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____     ☐ Other: _____
Signer is Representing: _____     Signer is Representing: _____

©2019 National Notary Association

# Exhibit: C

STRYKEN

# Declaration of Genevieve Morrison

I, Genevieve Morrison, declare under penalty of perjury:

1. I am incarcerated at Tuolumne County Jail.

2. I executed the enclosed Limited Power of Attorney appointing my spouse as Attorney-in-Fact.

3. I understand and voluntarily granted this authority for the limited legal matters stated.

4. This POA remains in effect until 12/31/2026 unless revoked in writing.

Executed on (date): October 10, 25
At: Sonora, California

Signature:

STRICKEN