# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE MORRISON,<br><br>Petitioner,<br><br>v.<br><br>TUOLUMNE COUNTY SHERIFF,<br><br>Respondent. | Case No. 1:25-cv-01591-JLT-EPG-HC<br><br>ORDER REGARDING NEXT FRIEND STANDING AND PROCEEDING WITH ATTORNEY<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL GENEVIEVE MORRISON COPY OF THE PETITION AND TO MAIL NICHOLAS MORRISON COPY OF ORDER |

## I.

## BACKGROUND

On November 17, 2025, Nicholas Morrison filed a petition for writ of habeas corpus on behalf of his wife, Genevieve Morrison, who is a state pretrial detainee currently housed at the Tuolumne County Jail. (ECF No. 1.) On November 21, 2025, Mr. Morrison filed a motion for temporary restraining order ("TRO"). (ECF No. 5.) That same day, the assigned district judge denied the motion for TRO in a minute order, stating that: (1) "Mr. Morrison may not represent his wife in this litigation"; (2) "Ms. Morrison has been held in 'red classification' for two months, undercutting any claim that a true emergency exists now"; and (3) Younger abstention applies. (ECF No. 8.)

## II.

## DISCUSSION

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v.

1

1  Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11,
2  13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to
3  whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order
4  to establish standing, the next friend must: (1) "provide an adequate explanation—such as
5  inaccessibility, mental incompetence, or other disability—why the real party in interest cannot
6  appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests
7  of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations
8  omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and
9  thereby justify the jurisdiction of the court." Id. at 164.

10  "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from
11  pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc.,
12  546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). See Johns v. County of San Diego, 114 F.3d
13  874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others
14  than himself." (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.
15  1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear *in propia*
16  *persona* in his own behalf, that privilege is personal to him.").

17  "Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas
18  action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not
19  authorize the 'next friend' to proceed without an attorney." United States v. Caputo, No. 1:14-cr-
20  00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023). See Hinojosa v.
21  Warden, SATF/SP, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023)
22  ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be
23  represented by counsel in order to proceed as a 'next friend' because pro se litigants have no
24  authority to represent anyone other than themselves."), report and recommendation adopted,
25  2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the
26  United States District Court, Eastern District of California provide in pertinent part:

27  > Any individual who is representing himself or herself without an
28  > attorney must appear personally or by courtesy appearance by an
   > attorney admitted to the Bar of this Court and *may not delegate*

*that duty to any other individual, including husband* or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a) (emphasis added).

"Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, No. CV-23-02348-PHX-DWL, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Assuming that Mr. Morrison qualifies for next-friend status, which would permit him to initiate the instant petition, it does not allow him to prosecute this action *pro se* on his wife's behalf. Therefore, either: (1) Mr. Morrison must secure licensed counsel to proceed, or (2) Ms. Morrison must notify the Court in writing that she will appear on her own behalf to prosecute this habeas action. Otherwise, the petition will be dismissed without prejudice.

The Court also notes that neither Ms. Morrison nor Mr. Morrison signed the petition under penalty of perjury. (ECF No. 1 at 150.) Rule 2 of the Rules Governing Section 2254 Cases states that the habeas petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[1]

///

///

---

[1] "[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition." Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) (internal quotation mark and citation omitted). The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Within **FORTY-FIVE (45) days** from the date of service of this order, **either**:

    (a) Genevieve Morrison must notify the Court in writing that:

    i. her husband filed the instant federal habeas petition with her knowledge and permission;

    ii. she declares under penalty of perjury that the contents of the petition are true and correct; and

    iii. going forward, she will appear on her own behalf to prosecute this habeas action; **OR**

    (b) Nicholas Morrison must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. The Clerk of Court is DIRECTED to:

    (a) Send Genevieve Morrison a copy of the petition (ECF No. 1) along with this order; and

    (b) Send Nicholas Morrison a copy of this order at the address listed on ECF No. 1 at 150.

3. Failure to comply with this order will result in a recommendation of dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **November 24, 2025**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE