# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE MORRISON, | Case No. 1:25-cv-01591-JLT-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF |
| v. | PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| TUOLUMNE COUNTY SHERIFF, | |
| Respondent. | |

**I.**

**BACKGROUND**

On November 17, 2025, Nicholas Morrison filed a petition for writ of habeas corpus on behalf of his wife, Genevieve Morrison, who is a state pretrial detainee. (ECF No. 1.) On November 21, 2025, Mr. Morrison filed a motion for temporary restraining order ("TRO"). (ECF No. 5.) That same day, the assigned district judge denied the motion for TRO in a minute order, stating that: (1) "Mr. Morrison may not represent his wife in this litigation"; (2) "Ms. Morrison has been held in 'red classification' for two months, undercutting any claim that a true emergency exists now"; and (3) Younger abstention applies. (ECF No. 8.)

On November 21, 2025, the Court ordered that within forty-five days, Ms. Morrison must notify the Court in writing that she will appear on her own behalf to prosecute this habeas action or Mr. Morrison must secure licensed counsel and said counsel shall file a notice of appearance

1

in this matter because Mr. Morrison may not prosecute this action *pro se* on his wife's behalf. (ECF No. 9.)

On December 8, 2025, the Court received an emergency notice of imminent involuntary medication and retaliatory isolation submitted by Mr. Morrison. (ECF No. 11.) The Court ordered Respondent to file a response to the emergency notice in an abundance of caution given the allegations of forced administration of psychotropic medication. (ECF No. 12.) On December 11, 2025, Respondent filed a response, including a copy of the Tuolumne County Superior Court order authorizing involuntary medication pursuant to Sell v. United States. (ECF No. 14.)

On January 14, 2026, Mr. Morrison filed a notice, wherein he states that a petition for writ of mandamus and other emergency motions are pending in the United States Court of Appeals for the Ninth Circuit, Ms. Morrison has been adjudicated incompetent in state criminal proceedings and thus is presently unable to prosecute this action *pro se*, and Mr. Morrison is unable to secure licensed counsel. (ECF No. 16.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to

---

[1] "[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition." Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) (internal quotation mark and citation omitted). The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself." (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023). See Hinojosa v. Warden, SATF/SP, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and *may not delegate that duty to any other individual, including husband* or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these

3

> Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a) (emphasis added).

"Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, No. CV-23-02348-PHX-DWL, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Assuming that Mr. Morrison qualifies for next-friend status, which would permit him to initiate the instant petition, it does not allow him to prosecute this action *pro se* on his wife's behalf. The Court previously provided Ms. Morrison the opportunity to notify the Court in writing that she will appear on her own behalf to prosecute this habeas action and previously provided Mr. Morrison the opportunity to secure licensed counsel to proceed on his wife's behalf. (ECF No. 9.) As noted in section I, *supra*, Mr. Morrison has notified the Court that Ms. Morrison has been adjudicated incompetent in state criminal proceedings and thus is presently unable to prosecute this action *pro se*, and Mr. Morrison is unable to secure licensed counsel. (ECF No. 16.)

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 20, 2026**              /s/ Erica P. Groin

UNITED STATES MAGISTRATE JUDGE