# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE MORRISON,<br><br>Petitioner,<br><br>v.<br><br>TUOLUMNE COUNTY SHERIFF,<br><br>Respondent. | Case No. 1:25-cv-01591-JLT-EPG-HC<br><br>ORDER VACATING JANUARY 20, 2026 FINDINGS AND RECOMMENDATION<br><br>ORDER APPOINTING FEDERAL DEFENDER FOR PURPOSE OF SUBMITTING FINANCIAL AFFIDAVIT<br><br>(ECF Nos. 17, 19)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER AND COPY OF PETITION ON FEDERAL DEFENDER |

On November 17, 2025, Nicholas Morrison filed a petition for writ of habeas corpus on behalf of his wife, Genevieve Morrison, who was a state pretrial detainee at that time. (ECF No. 1.) On November 21, 2025, the Court ordered that within forty-five days, Ms. Morrison must notify the Court in writing that she will appear on her own behalf to prosecute this habeas action or Mr. Morrison must secure licensed counsel and said counsel shall file a notice of appearance in this matter because Mr. Morrison may not prosecute this action *pro se* on his wife's behalf. (ECF No. 9.) On December 8, 2025, the Court received an emergency notice of imminent involuntary medication and retaliatory isolation submitted by Mr. Morrison. (ECF No. 11.) The Court ordered Respondent to file a response to the emergency notice in an abundance of caution

1

given the allegations of forced administration of psychotropic medication. (ECF No. 12.) On December 11, 2025, Respondent filed a response, including a copy of the Tuolumne County Superior Court order authorizing involuntary medication pursuant to Sell v. United States. (ECF No. 14.)

On January 20, 2026, the undersigned issued findings and recommendation to dismiss the petition. (ECF No. 17.) On February 2, 2026, Mr. Morrison filed objections to the findings and recommendation and a motion for appointment of counsel. (ECF Nos. 18, 19.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Court finds that the interests of justice would be served by the appointment of counsel *if Petitioner is financially eligible*[1] given the complexity of the issues involved with respect to Petitioner Genevieve Morrison's competency.

Accordingly, the Court HEREBY ORDERS:

1. The findings and recommendation issued on January 20, 2026 (ECF No. 17) is VACATED.

2. The Federal Defender is APPOINTED to represent Petitioner Genevieve Morrison for the purpose of submitting a financial affidavit to determine whether she is financially eligible for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).

3. Within **THIRTY (30) days** of the date of service of this order, the Federal Defender SHALL FILE a financial affidavit for Petitioner Genevieve Morrison.

///

///

---

[1] The filing fee was paid in full and no motion to proceed in forma pauperis has been filed.

4.  The Clerk of the Court shall serve a copy of this order, the petition (ECF No. 1), and response to emergency notice (ECF No. 14), via email, on the Federal Defender's Office at cae_appointments_habeas@fd.org.

IT IS SO ORDERED.

Dated:   **February 19, 2026**          /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE

3